G. A. RUCKER v. DANIEL DAILEY ET AL.

(Case No. 5570.)

1. LIMITATION—DEMURRER—REVISED STATUTES, ARTICLE 3226, CONSTRUED—PRACTICE —Plaintiff's amended petition alleged that in 1855 the owner of two land certificates entered into a written contract with him, in consideration of $100, to make him a title to two hundred acres of land, to be selected out of the tracts located by those certificates; that, at the same time, he contracted to convey to plaintiff one-half of the land located under one of the certificates and one-third of that located under the other, in consideration of plaintiff's locating the certificates, the conveyance to be made when patents to the land had been obtained; that the lands were located according to contract, and patents were delivered by plaintiff in 1872, the owner still promising to execute deeds to plaintiff's interest according to contract; that the owner, in 1873, conveyed the two tracts to parties who had notice and paid no consideration. The amended petition was filed in 1884, and stated that the original petition was filed in 1880. *Held:*

(1) Prior to the adoption of the Revised Statutes the obligor held the portion of the land he contracted to convey to plaintiff in trust for the benefit of plaintiff, and so long as the trust relation was recognized by the obligor, the statute

of limitation of ten years did not run against the enforcement of the contract. (De Cordova *v.* Smith, 9 Tex., 129 ; Glasscock *v.* Nelson, 26 Tex., 150, etc.)

(2) The statute began to run from the repudiation of the trust by the sale of 1873.

(3) A defendant setting up the statute of limitation by demurrer, must sɪ ɔ ɯ that, on the face of his adversary's pleadings, the action is barred. The amended petition claimed on its face that suit was filed before the action was barred.

(4) The Revised Statutes apply to claims against which limitation had commenced to run before their adoption, only when they prescribed a shorter period of limitation than did the old law. (Art. 3226.) In this case, the period prescribed was the same, and a change in the date from which limitation was to run would not bring the case within the provision.

(5) If the amended petition brought in new parties, they were entitled to have the period of limitation estimated, as to themselves, from the date their rights in the subject matter were acquired down to the filing of the amended petition.

APPEAL from Johnson. Tried below before the Hon. Jo. Abbott.

This was a suit for specific performance, brought by G. A. Rucker against W. T. Moor and his wife, M. E. G. Moor, S. L. Hamilton and his wife, Jane Hamilton, J. C. Wilkison, L. D. Lowder, Thomas Denton, Theophilis Denton, J. A. Sledge, William Hurley, Eugenia Pearson and J. W. Pearson. Plaintiff's amended original petition was filed May 2, 1884; it stated that his original petition was filed March 30, 1880; that on September 11, 1855, Daniel Dailey made two executory contracts with Jas. M. Cox, in one of which he promised, in consideration of $100 in hand paid, to make Cox a good and sufficient title to two hundred acres of land, out of certain land to be located by Dailey under two bounty land certificates, one calling for four hundred and forty-four acres issued to Luke Burke, and one calling for three hundred and twenty acres granted Dennis Dykes, and in the other to give Cox one-half of the four hundred and forty-four acre certificate, and one-third of the three hundred and twenty acre certificate, as soon as located and patented, in consideration of Cox locating the certificates; that on September 20, 1855, Cox assigned the two contracts to plaintiff, with the consent of Dailey; that plaintiff located the lands and obtained a patent to one tract in 1860, and to the other in 1870, and delivered the patents to Dailey in 1872 or 1873; that at the time and before the patents were so delivered, Dailey promised to make plaintiff good and sufficient titles to the interest in the lands agreed upon in the contract; that Dailey never deeded plaintiff's interest to him, but conveyed the four hundred and forty-four acre tract to his daughter, Eugenia Dailey Pearson, without consideration; that she and her husband conveyed to William Hurley, without consideration; that after the institution of the suit Hurley surrendered the title to his vendors, and that all those parties

had notice of plaintiff's claims; that L. D. Lowder, Thomas Denton and Theophilis Denton had unlawfully taken possession of the three hundred and twenty acre tract under a deed from J. A. Sledge, Sledge claiming under Dailey, and that the remaining defendants had entered upon the two tracts and were withholding them from plaintiff. Plaintiff prayed for judgment for his interest in the two tracts and for damages.

Defendants demurred, setting up the statute of limitation; and the demurrer was sustained.

*Davis & Plummer,* for appellant.

*Brown, Ramsey & Crane,* for appellees, cited: DeCordova *v.* Smith, 9 Tex., 129; Tinnon *v.* Mebane, 10 Tex., 246; Hodges *v.* Johnson, 15 Tex., 571; Glasscock *v.* Nelson, 26 Tex., 154; Carlisle *v.* Hart, 27 Tex., 354; McMasters *v.* Mills, 30 Tex., 595; DeCordova *v.* City of Galveston, 4 Tex, 470; Gautier *v.* Franklin, 1 Tex., 732; Benden *v.* Crawford, 33 Tex., 758; Rivers *v.* Washington, 34 Tex., 267; Mosely *v.* Lee, 37 Tex., 479; Bentick *v.* Franklin, 38 Tex., 458; Wood *v.* Wilder, 42 Tex., 409,

WILLIE, CHIEF JUSTICE.—It has frequently been held by this court that when a contract like those upon which this suit is founded has been executed by the obligee, and the legal title to the land has vested in the obligor, the latter holds that portion of the land he has contracted to convey in trust for the benefit of the obligee. So long as this trust relation continues, and is recognized by the obligor, and more especially if, by any acts on his part, the obligee is induced to refrain from suit, the statute of limitations will not run against the enforcement of the contract. When it is set in motion the right of action is not barred till after the lapse of ten years. This was the rule of decision prior to the adoption of the Revised Statutes. DeCordova *v.* Smith, 9 Tex., 129; Geary *v.* Cummins, 28 Tex., 95; Hemming *v.* Zimmerschitte, 4 Tex., 167; Holman *v.* Criswell, 15 Tex., 397; Early *v.* Sterrett, 18 Tex., 117; Glasscock *v.* Nelson, 26 Tex., 150. In this case, according to the allegations of the petition, Dailey expressly recognized the equitable interest of Rucker until 1872 or 1873, and induced him not to bring suit upon the contracts entered into between himself and Cox; and the first open act repudiating the trust occurred in 1873, when Dailey sold the three hundred and twenty acre tract to Sledge.

The amended original petition which, with a trial amendment, constitutes the pleadings of the appellant as they are found in the record, states that it is in amendment of a previous petition, filed March 30,

1880. Though the amendment was filed in 1884, yet, if the suit was commenced at the date of filing the original petition, ten years had not then elapsed since the first act occurred by which the trust was repudiated, and the suit was not barred by lapse of time. The record does not disclose what were the allegations of the original petition. We cannot infer that it was against different parties or upon different causes of action from those stated in the amended petition. The amended petition does not ask to make new parties to the suit. It is therefore to be presumed that it seeks relief against the same defendants as did the original, and upon the same causes of action.

A defendant setting up the statute of limitations by way of demurrer must show that on the face of his adversary's pleadings the action is barred. He has not done so if it appears from the recitals of the petition demurred to, that the suit was begun before the bar of the statute was interposed. The defendant has the affirmative on this issue, and he must sustain it by showing conclusively, from the plaintiff's pleadings, that the suit was not commenced in time. Our rules, which require that an amendment shall state the date of the instrument whose place it takes, evidently intended to provide for cases where the time of filing the former pleading might be of some importance. This date may be of much importance when the statutory time of limitation has elapsed before the amendment was filed. In such cases the rules enable us to look to the date of the substituted pleading, as stated in the amendment, to ascertain whether the statute may not have been arrested before it interposed its bar. In the court below there can be no difficulty in ascertaining this fact by a reference to the former pleadings which are still on file; but as the amended pleadings alone are brought to this court, we look to their recitals only in passing upon the question. But the substituted instruments can be made part of the record, and it is the duty of the party setting up the statute to have this done, if he would rebut the inference to be drawn from the recitals of the amendment that the suit was brought in time to save limitation.

It may be added that in this case the pleadings of some of the defendants were filed before the amended petition, and from their averments it is apparent that the original petition, to which they were an answer, alleged the same causes of action as did the amendment. We think, therefore, that the action was not barred at the time it was commenced, under the rule as to limitation laid down by this court previous to the adoption of the Revised Statutes, nor can these statutes be appealed to in support of the defence of the appellees. They pro-

---

---

vide that a suit for specific performance must be commenced within ten years after the accrual of the cause of action.

The causes of action in this case accrued in 1855 and 1860 respectively. If the Revised Statutes governed, the action was barred before the adoption. The legislature had, of course, no right to declare a cause of action barred when but a portion of the time of limitation had elapsed at the date of the Revised Statutes. They could not deprive the plaintiff of all remedy. They were compelled to allow him a reasonable time within which to assert his rights. But the Revised Statutes do not attempt any such thing. They apply to claims against which the statute had commenced to run before their adoption, only when they prescribed a shorter period of limitation than did the old law. Ten years was prescribed by the old law for cases like the present, and the Revised Statutes prescribe the same time.

The date from which limitation is to commence under the latter, must, sometimes, though not universally, be different. This, however, is not an alteration of the period of limitation, and we have not the power to extend this provision of the Revised Statutes so as to bring within it cases which it does not in terms embrace. We think the court erred in sustaining the special exceptions to the amended petition. As the cause will be remanded, it is proper to say that if the amended petition did actually bring in new parties, not in the cause before it was filed, they will be entitled to have the period of limitation estimated, as to themselves, from the date when they acquired their rights in the subject matter of the suit down to the filing of the amended petition.

For the errors indicated the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 21, 1886.]