## LOUIS VOIGT v. GULF, WESTERN TEXAS & PACIFIC RAILWAY COMPANY.

### No. 978. Decided February 4, 1901.

**1. Limitation—Change of Period—Existing Cause of Action.**

As to all causes of action not actually barred the Legislature has the power to prolong the period of limitation or to remove the bar altogether, and the Act of March 4, 1897, changing the period of limitation on actions for injuries to the person (previously one year) to two years, applied to existing as well as future causes of action. (Pp. 365-367.)

**2. Same.**

Such act, extending the period of limitation in suits for injury to the person to two years, not being in the form of an amendment to article 3353 of the Revised Statutes of 1895, but an independent act, was not, in its operation, restricted to only future causes of action by article 3377 of the Revised Statutes, which provided that claims against which limitation had commenced to run under pre-existing laws should be barred by the lapse of time prescribed by such former law. (P. 366.)

**3. Same—Constructive Repeal.**

Such Act of March 4, 1897, which was evidently intended to cover the whole ground as to the period of limitation for the actions mentioned therein and stand as a substitute for the former law upon that subject, operated as a repeal of previous legislation with reference thereto and extended the period to two years as to existing causes of action. (Pp. 366, 367.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Victoria County.

Voigt sued the railway company and judgment was rendered for defendant on exceptions urging the statute of limitation to his petition. The judgment being affirmed on his appeal he then obtained writ of error.

*A. B. Peticolas,* for plaintiff in error.—In computing the time during which limitation will run against a cause of action, the day upon which the cause of action accrued should be excluded. The Act of March 4, 1897, went into force ninety days after the adjournment of the Legislature. The Legislature adjourned on May 21, 1897, and the ninety days were complete and expired on the last moment of August 19, 1897. Voigt was injured on August 19, 1897, and his cause of action then arose; but by law he could not sue upon it until the first moment of August 20, 1897. Therefore his power to sue and the moment when the Act of March 4, 1897, went into force were exactly the same, to wit, the first moment of the 20th day of August, 1897, and therefore there was no moment of time prior to August 20, 1897, when he could bring his suit upon his cause of action, and no moment of time during which the statute of limitations of one year could have run against his cause of action. Hyde v. White, 24 Texas, 143; Seekonk v. Rehoboth, 8 Cush., 371; Bemis v. Leonard, 118 Mass., 502; Cromelien v. Brink, 29 Pa. St., 522; Menges v. Frick, 73 Pa. St., 137; McCulloch v. Hopper, 47 N. J. L., 189; Annan v. Baker, 49 N. H., 161; Warren v. Slade, 9 Am. Rep., 70; Geistweidt v. Mann, 37 S. W. Rep., 372; Hill v. Kerr, 78 Texas, 217; Watkins v. Willis, 58 Texas, 522; Hunter v. Lanius, 82 Texas, 680; 5 Enc. of Law, old ed., 83; Lubbock v. Cook, 49 Texas, 100; Burr v. Lewis, 6 Texas, 81.

Plaintiff's petition does not state the hour of the day when Voigt was injured. The court held that limitation ran against him from the time he was injured on the 19th of August. His ruling that limitation ran against plaintiff on the 19th was in effect a decision that it ran against him during the whole of that day, as the law recognizes no fractions of a day in such a case as this, and there was nothing in the petition excepted to fixing an hour when the injury was inflicted. It follows, therefore, that if Voigt was hurt at any hour after the first hour of the day, that the ruling of the court started limitation to run against him before he had a cause of action, and before the injury was received. 26 Enc. of Law, pp. 3-7.

Section 3353, Revised Statutes of 1895, providing that actions for injuries done the person of another should be prosecuted within one year after the cause of action shall have accrued having been changed by the law of 1897, which enlarged the term of limitation to two years, the passage of the later law is a legislative declaration that the old law should be liberally construed. If defendant's construction obtains, then the old law would operate a forfeiture of plaintiff's right of compensation; and when the inclusion of the day of the act done would work a forfeiture, it is the universal rule to exclude the day of the act done which gave the right of action. 26 Enc. of Law, old ed., p. 3; Angel on Lim., 38, 39-41; People v. Railway, 28 Barb., 284; Judd v. Fulton, 10 Barb., 117; Sheets v. Selden, 2 Wall., 178; Windsor v. China, 4 Me., 298; State v. Gasconade, etc., 33 Mo., 102.

The law does not recognize fractions of a day in cases like this. The statutes of limitation are in derogation of common right, and in

computing time under them the day on which the cause of action accrued is excluded. The time is not computed from the hour of the day when the event happened, but from the day the act was done, and begins with the expiration of such day. Lester v. Garland, 15 Vesey, 248; Phelan v. Douglass, 11 How. Pr., 195; Bigelow v. Willson, 1 Pick., 485; McCulloch v. Hopper, 54 Am. Rep., 146; Nixon v. State, 41 Am. Dec., 601; Cox v. Jagger, 14 Am. Dec., 522; Bemis v. Leonard, 19 Am. Rep., 470.

Defendant contended below that the Act of March 4, 1897, was an amendment of the general laws of limitation and of article 3353, and as such was qualified and governed by article 3377, Revised Statutes, of the general provisions, and said article 3377 means that if a cause of action arose when article 3353 was in force, that article barred Voigt's cause of action in one year. The court erred in sustaining said exception and holding that chapter 14 of the Acts of 1897, page 12, making two years the period within which actions for injury to the person should be brought, was not applicable to plaintiff's cause of action, and in holding that said statute was an amendment of the general statutes of limitation found in the Revised Statutes of 1895, and that it was governed and controlled by article 3377 of the general provisions of the Revised Statutes of 1895.

The court erred in holding that article 3377 of the Revised Statutes of 1895 applied in any case where the latest law of limitation enacted by the Legislature made the period of limitation longer and not shorter than that fixed by the law previously in force. Article 3377 of the Revised Statutes applies only when the latest law enacted by the Legislature fixes a shorter period of limitation than did the old law.

The law of March 4, 1897, making two years the limitation in cases of action for personal injury, neither in its caption nor its body purports to be an amendment of any existing statute, and though it changes the rule as to the length of time within which persons having right of action for personal injury may sue, it is an independent statute and does not become a part of the Revised Statutes so as to be subject to the article 3377 found in the general provisions of the Revised Statutes. Between two inconsistent and irreconcilable acts, the last in time prevails, and if clearly repugnant to the prior one repeals it. Sedg. on Con. of Stats., 101, 104, 353; Adams v. Water Co., 86 Texas, 485.

The constitutional provision that a statute shall have but one subject and shall not be revived or amended by reference to its title was not intended to prohibit the passage of a law which declared fully its provisions without direct reference to any other act, although its effect should be to enlarge or restrict the operation of some other statutes. The statute of March 4, 1897, restricts the operation of the former statutes upon the same subject, but can not be deemed an amendment of such acts. This proposition is taken literally from the case of

Snyder v. Compton, 87 Texas, 378, except in its application to the statute under discussion.

Article 3377 was intended to apply simply to alterations made when the Revised Statutes were adopted as a whole, and was not intended to hamper future Legislatures in their action. It applied only in those cases where the new law made the limitation shorter than it had been, and gave to all persons then having subsisting causes of action the right to avail themselves of the longer term given by the old law. It reads in effect as follows:. "All claims against which limitation has commenced to run under the law as it was before this revised code is adopted, shall be barred by the lapse of time which would have barred them had the pre-existing law continued in force if the time fixed by any new provision now enacted be shorter than that fixed by the former law." The word "provided" has the meaning of "if," and it was so construed in Boon v. Chamberlain, 82 Texas, 482, by our Supreme Court, and no other construction has yet been given it. Rucker v. Dailey, 66 Texas, 288; Meyer v. Andrews, 70 Texas, 329.

It can not be successfully contended that the Legislature has not the power to alter or amend existing statutes of limitation and to make them apply to causes of action in existence at the time the law goes into effect, without violating any of the provisions of the Constitution. This proposition is well settled. Bender v. Crawford, 33 Texas, 753; Lewis v. Davidson, 51 Texas, 251; Campbell v. Holt, 115 U. S., 628; Boon v. Chamberlain, 82 Texas, 483.

A proviso to a law restrains the enacting clause and excepts or takes something out of it which would otherwise be within it. The construction placed by the trial court upon article 3377 cuts off the proviso contained in that article entirely, and leaves it to take effect and be enforced exactly as if there was no proviso at all in it, making the said article, so far as the question at bar is concerned, to read thus: "All claims against which limitation under said laws had commenced to run shall be barred by the lapse of time which would have barred them had those laws continued in force." And thus said construction at one blow absolutely annihilates the rule established by half a century of legal decision, which gives to the Legislatures of the States the right to change existing limitation laws at will and make the change apply to existing causes of action. 2 Bouv. Law Dic., 399; Wayman v. Southard, 10 Wheat., 1-30.

Provisos such as this, saving to creditors certain rights under the old law when a new law changing it is passed, are not unusual. A leading principle of construction is that a proviso must be strictly construed, and is allowed to take no case out of the enacting clause which does not fall clearly within its terms. Applying this rule to the. proviso in question, it can only be held to apply, according to its terms, when the new law of limitation is shorter than the old, and neither in reason nor by its language can it be made to apply when the new law lengthens the period of limitation. Collins v. Warren, 63 Texas,

315; Roberts v. Yarboro, 41 Texas, 449; Tyson v. Britton, 6 Texas, 224; Campbell v. Wiggins, 85 Texas, 424.

*Proctors*, for defendant in error.—Prior to the Act of March 4, 1897, prescribing the two years statute of limitation for personal injuries, the period of limitation in Texas applicable to a suit for personal injuries was one year. See art. 3353, Rev. Stats., 1895. The Act of March 4, 1897, prescribed the two years statute of limitation for personal injuries, but same had no emergency clause, and, since the Twenty-fifth Legislature did not adjourn until May 21, 1897, this Act of March 4, 1897, did not take effect until August 20, 1897. Const., art. 3, sec. 39; Halbert v. Live Stock Assn., 34 S. W. Rep., 639; Black on Interp. Laws, 163; Railway v. State, 81 Texas, 598; Suth. on Stat. Con., p. 132, sec. 110.

If there were no other provision of our limitation statutes than the two statutes above noted, it would fall within the general rule that ordinarily the statute of limitation controls which is in force at the time the action is brought. Even this rule, however, is not an inflexible one. Wood on Lim., sec. 12, pp. 30, 31; Rockwall v. Kaufman County, 69 Texas, 174; Insurance Co. v. Ray, 50 Texas, 519.

Our contention on behalf of appellee is, however, that another and a general provision of our limitation statute controls the question as to which of the two statutes, the one or the two years statute of limitation, applies to this cause of action.

Article 3377 (3226) of our limitation statutes reads as follows: "No one of the provisions of this title shall be so construed as to revive any claim which is barred by pre-existing laws; and all claims against which limitation under said laws had commenced to run shall be barred by the lapse of time which would have barred them had those laws continued in force; provided the said time be shorter than that by which they would have been barred by the other articles of this title."

This is one of the general provisions of the limitation statute, being one of the articles of chapter 3, title 67. An examination of the other articles of this chapter 3 is therefore pertinent, and such examination will plainly show that these provisions of said chapter 3 are each and all truly general provisions, applicable to and qualifying and construing the other provisions of chapters 1 and 2 of the same title.

We take, first, that this article 3377 by its express terms says that all claims against which limitation had begun to run under a pre-existing law shall be barred by the lapse of time which would have barred said claims if that pre-existing law had continued in force, provided only, that said time (meaning the time of the old statute) be shorter than that by which said claim would be barred by other articles of the limitation statutes. We think that this proviso of said statute plainly means by the expression "said time" the time of the pre-existing, and not the time of the new statute. This is clear,

first, by grammatical construction, because, of course, the expression "said time" refers to its immediate antecedent, which is plainly the time which would have barred the causes of action if said pre-existing laws had continued in force. Also, this is the only common sense construction that could be given this statute, for unless such had been the intention of the statute, it would have been idle to have such an article upon our statute books, for, of course, in the absence of such a provision, the rule would have been that the statute in force at the time the action is brought would control, subject only to the qualification of the granting of a reasonable time in which to sue under the new statute.

It is to our mind evident that only by inference can the statute be said to provide that where an amendatory statute shortens the limitation period, the defendant has the benefit of the new statute; and this inference arises from the direct provision of the statute that if the time be lengthened, the defendant has a like privilege as to the old statute. The inference springs from the well known principle that the affirmative implies the corresponding negative.

This is so obviously the meaning and purpose of this article 3377 that we would take same for granted were it not for the fact that appellants, in their brief, refreshingly contend that the proper construction of this statute is that it has no application unless the period of the new statute be longer than the period of the old. In other words, the absurdity is in effect asserted that the purpose of this article 3377 is to preserve for the benefit of the defendant the period of the old statute only in the event the period of the new statute be longer than the period of the old. To put such a construction as this upon article 3377 is to convict the entire Legislature of lunacy. Besides, if this article 3377 had any such construction as is contended for by appellants in this case, then all the decisions of our Texas courts applying the rule of fractional apportionment, where a portion of the period of the old statute has lapsed before the new statute took effect, are in flat defiance of this statutory provision.

Our opinion is, therefore, that the construction of this article 3377 is plain from its language and indicates that it was the intention of the Legislature by this article 3377 to provide that in the event a new statute of limitation prescribed for a cause of action a longer period of limitation than did the amended statute, to preserve for the benefit of the defendant the old period of limitation, as to all causes of action against which limitation had commenced to run prior to the time of the taking effect of the amendment, or in other words, to preserve for the defendant the shorter period of limitation. Limitation statutes are peculiarly designed for the protection of the defendant, and it is both a natural and reasonable assumption that the Legislature intended that any defendant against whom a cause of action arose under a limitation statute then in force should have the right to assert that statute, notwithstanding the fact as to similar

causes of action subsequently arising the statute might be so amended as to prescribe a longer period.

Independent of this most reasonable and natural construction of legislative purpose in the enactment of this statute, we think it further plain that this article 3377 must be construed in connection with the Act of March 4, 1897, under all principles of all statutory construction. Suth. on Stat. Con., secs. 284-287, 288; Black on Interp. Laws, pp. 60, 62, 110, 169, 204, 212; 23 Enc. of Law, 490-492; Selman v. Wolfe, 27 Texas, 72; Lovett v. Casey, 17 Texas, 596; Dall., 401.

"Every statute must be construed in connection with the whole system of which it forms a part, and the previous statutes upon the same subject."

Furthermore, we wish to again emphasize the fact that this article 3377 is a general provision of the limitation law necessarily applicable to every amendment of any statute of limitation as to any cause of action where the amendment lengthens and does not reduce the period of limitation under the original statute.

We repeat, therefore, that article 3377 can have but one purpose, and that is to declare the plain intention of the Legislature manifest from the language of this article to preserve for the defendant always the shorter period of limitation.

We deem it obvious that article 3377 has no direct application where the amendatory statute prescribes a shorter period than the statute amended, but only applies to the reverse case; though the statute indicates of course the legislative purpose to reserve the shorter period in all instances of change in the statutory period.

When, therefore, as has been usual, the Legislature by amendment reduces the period of limitation, article 3377 has, by its express terms, no direct application, and the only question in such case arises as to whether or not a plaintiff has yet left by the new statute a reasonable time in which to sue. In fixing this reasonable time, our courts have in many cases adopted the rule of fractional allotment of time under the new statute; for instance, if limitation is running against a cause of action under an old statute and the new statute shortens the period of limitation, then the same fractional period of the old statute which had elapsed thereunder is deemed to have also elapsed under the new period.

This rule arises from the constitutional provision as to no impairment of a vested right to sue. Wheeler v. Jackson, 137 U. S., 245; McFarland v. Jackson; 137 U. S., 258, and full note to 34 L. C. P., 664; McGahey v. Virginia, 135 U. S., 662; Chapman v. Douglass County, 107 U. S., 348; Mitchell v. Clark, 110 U. S., 663. See note to Griffin v. McKenzie, 50 Am. Dec., pp. 391-394. Also, in this connection, that these Texas cases upon the rule as to fractional apportionment are so classified in 6 American and English Encyclopedia of Law, new edition, pages 951-952, note 1.

The Texas cases which lay down this rule of fractional apportion-

ment are plentiful, beginning with Gautier v. Franklin, 1 Texas, 732, and culminating in Odum v. Garner, 86 Texas, 374; Wright v. Hardie, 88 Texas, 655, and Martin v. Kuykendall, 26 S. W. Rep., 144. We might cite some of these cases: Grigsby v. Peak, 57 Texas, 151; Martin v. State, 24 Texas, 75; Watrous v. McGrew, 16 Texas, 506; Harris v. Hardeman, 15 Texas, 469; Smith v. Crosby, 2 Texas, 414; Carson v. Rainey, 2 Texas, 297; Meyer v. Andrews, 70 Texas, 329; Geistweidt v. Mann, 37 S. W. Rep., 372; Hill v. Kerr, 78 Texas, 217.

We insist: First. That the Act of March 4, 1897, can have no force or effect whatever until August 20, 1897, and that until the first moment of such day the former statute was in force, and that there was no hiatus or interim of limitation during the said day of August 19th.

Second. While the ordinary rule is that the statute of limitation controls which is in force when the suit is brought, yet that this rule being in defiance of one of the greatest of the underlying principles of statutory construction, namely, that a statute should be construed to operate prospectively and not retrospectively, it is a rule of no great force, and that after all the question is one of construction of the statute, read in the light of other provisions upon the same general subject.

Third. That it is both natural and proper that the Legislature should have established some statutory rule to determine what statute of limitation should apply to a cause of action arising under one statute, but sued upon after such statute had been amended by another.

Fourth. That statutes of limitation are statutes of repose, and are designed essentially for the protection of the defendant, and the legislative purpose when enacted in a statute would naturally be to preserve for a defendant the benefit of the shorter period of limitation.

Fifth. That there was no necessity to enact this legislative purpose in an express statute where the amendatory statute would reduce the period of limitation, for the legislative purpose to preserve the shorter period for the defendant would be accomplished in such case without express statutory declaration of such intention, and the fractional apportionment rule was only resorted to to obviate the absolute destruction of a right to sue, and to afford the plaintiff a reasonable period in which to assert his rights, so as to make the new statute constitutional when applied to causes of action arising before its passage, and as to which limitation had been running under the old statute for a length of time greater or nearly equal to the period of the new statute.

Sixth. That it was necessary, however, to expressly enact this legislative purpose where the new statute lengthened the period of limitation, and that article 3377 does make this necessary provision of the shorter period for the benefit of the defendant, and that this statute has been so expressly construed in so far as it has applicability to the adoption of the Revised Statutes of 1879, and there is no good reason whatever why the same rule should not be applied to the present case.

Seventh. That with such judicial construction put upon said article 3377, same has been unrepealed by the Legislature and retained upon our statutes and continued in the revision of our laws in 1895, and it must be presumed that the Legislature intended that this statute should continue to play, as to all subsequent statutes, the same important and wise role which it had fulfilled as to the Revised Statutes of 1879.

Eighth. That apart from judicial construction, the language of the statute is plain, and its meaning can be but the one for which we are contending, for otherwise its language is perverted and the statute is without any real and essential purpose whatever, and it is wholly impotent to accomplish its purpose, for if same is intended as an arbitrary imposition upon past causes of action of the shorter period of limitation, it is in flat defiance of the fractional apportionment plan, and would often produce wholly unconstitutional results.

Ninth. That this position taken above can not be refuted by the invocation of a mere rule of computation of time under a given statute, which rule in its inception, spirit, and expression is wholly without any application, and which, if controlling the decision of this case, could produce illogical and absurd results.

Tenth. That no hardship arises in this particular case where this appellant had an entire year after his injury within which to assert his cause of action.

GAINES, CHIEF JUSTICE.—This is an action to recover damages for personal injuries alleged to have been inflicted on the 19th day of August, 1897. The petition was filed on the 27th day of June, 1899, and was excepted to on the ground that the cause of action was barred by the statute of limitations. The exception was sustained, and the plaintiff having declined to amend, judgment was rendered for the defendant. This judgment was affirmed upon appeal. The action of the Court of Civil Appeals in sustaining the ruling of the trial court is assigned as error in this court.

Under the Revised Statutes of 1895 the cause of action would have been barred in one year. Rev. Stats., art. 3353. But on the 4th day of March, 1897, an act passed by the Legislature was approved by the Governor, which, with its title, reads as follows: "An act to prescribe the time when suits for personal injuries, and for injuries resulting in death, shall be instituted; and to fix the period of limitation in such actions. Section 1. Be it enacted by the Legislature of the State of Texas: There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards, all actions or suits in courts of the following description: (1) Actions for injuries done to the person of another. (2) Actions for injuries done to the person of another where death ensued from such injuries; and the cause of action shall be considered as having accrued at the death of the party injured." This act took effect ninety days after the adjournment of the Legislature, which occurred on the

21st day of May, 1897. The statute 'therefore became a law on the 20th day of August of the same year.

Since the injury is alleged to have occurred on the 19th day of August, it is contended on behalf of defendant in error that the plaintiff's cause of action arose on that day, and that, being an existing cause of action when the new law took effect, the period of the old law applies to the case and not that of the new. We do not find it necessary to determine the correctness of the first proposition, for the reason that we think the second can not be maintained. We therefore concede, for the purpose of this opinion, that the cause of action accrued before the Act of May 4, 1897, took effect.

It can not be doubted that as to all causes of action not actually barred, the Legislature has the power to prolong the period of limitation or to remove the bar altogether. Nor do the comprehensive terms of the act quoted, taken by themselves, leave any doubt as to its meaning. It applies to existing as well as to future causes of action without a saving clause or other qualification whatever. But it is contended that the act in question became a part of the Revised Statutes of 1895 and is to be construed in accordance with the provisions of article 3377, which reads as follows: "No one of the provisions of this title shall be so construed as to revive any claim which is barred by pre-existing laws; and all claims against which limitation under such laws had commenced to run shall be barred by the lapse of time which would have barred them had those laws continued in force; provided, the said time be shorter than that by which they would have been barred by the other articles of this title." To say the least of it, the contention would have been plausible if the Act of 1897 had been passed as an amendment of article 3353, which prescribes the period of limitation for actions for personal injuries. It would then have become a part of the Revised Statutes, and there would have been reason for holding that it was subject to be construed in connection with other provisions of that compilation upon the same subject and to be limited by them. But such is not the case. The act is an independent one. The Revised Statutes are not mentioned in either the title or the body of the act. The purpose of the statute was to enact a new law, and the simple question is, did it operate as a repeal of the former law? It does not expressly repeal the existing law, but did it not impliedly repeal it? The rule upon this subject is thus stated by this court in the case of Rogers v. Watrous, 8 Texas, 62; "A subsequent statute, revising the subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied. 1 Ashm. R., 179. So, though a subsequent statute be not repugnant in its provisions to a former one, yet if it was clearly intended to prescribe the only rules which should govern it repeals the prior statute. 3 How., U. S. R., 636." See also United States v. Tynen, 11 Wall., 88. Since the statute in its terms embraces all causes of action for personal injuries, whether exist-

ing or future, and contains no exception or qualification whatever, we think it was evidently intended to cover the whole ground as to the period of limitation for such actions and to stand as a substitute of the former law upon that subject. Of necessity, it worked a repeal of the previous legislation and extended the period to the term of two years as to causes of action then existing.

Our conclusion is that the trial court erred in sustaining the special exception to the petition and that the Court of Civil Appeals erred in affirming that ruling. Their judgments are therefore reversed and the cause remanded.

*Reversed and remanded.*