W. B. Greenlaw et al. v. City of Dallas.

Decided June 17, 1903.

**Limitation Against Taxes.**

The statute preventing limitation running against a city's claim for taxes (Acts, July 4, 1879), repealed by its omission from the Revised Statutes, taking effect September 1, 1895, but re-enacted by Act of October 9, 1895, prevented such claims from becoming barred; if regarded as affecting only the remedy, and therefore retroactive in its effect, the repealing law would be unconstitutional unless a reasonable time to sue was allowed; and though what was a reasonable time might be a question of fact, a judgment disallowing the defense of limitation would be treated as involving a finding that a month and nine days was not.

Error from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*F. M. Etheridge,* for plaintiffs in error.

*W. T. Henry* and *J. J. Collins,* for defendant in error.

STREETMAN, Associate Justice.—The city of Dallas brought this suit October 25, 1895, to recover the taxes due said city upon real estate of plaintiffs in error for the years 1887, 1888, 1889, 1890, 1891, 1892, 1893 and 1894, and recovered judgment with foreclosure of lien upon said property. Plaintiffs in error plead the two years statute of limitations.

Plaintiffs in error concede the correctness of the judgment as to the taxes for 1894, and also that the judgment as to the previous years is correct, unless their plea of limitation should have been sustained.

The acts of the Legislature, approved July 4, 1879, contained the following provision: "No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any tax due from him or her, either to the State, or any county, city or town."

This provision continued in force until the revision of the statutes in 1895. In that revision, which became effective September 1, 1895, this clause was omitted. By an act of the special session of 1895, which went into effect October 9, 1895, this clause was re-enacted.

Plaintiffs in error contend that the omission in the Revised Statutes of 1895 operated to repeal this clause, and that from that time, as to taxes then due, the statutes of limitation operated against cities and towns, as if there had never been any law to prevent limitation from running. And they further insist that the bar of the statute, having become complete by the repeal of this statute, its operation could not be prevented by the re-enactment of this provision.

The same question has been passed upon by the Court of Civil Appeals of the Fourth District in the case of Hernandez v. City of San Antonio, 39 S. W. Rep., 1022, and by this court in Abney v. State, 20

Texas Civ. App., 101. The reason for the decision is not stated in the former case, the court simply saying that the article saving cities from the statute "was in effect until September 1, 1895, and was re-enacted with the emergency clause on October 9, 1895, and the taxes of 1877, and those due for the following years not being barred at that time the statute denying the right to plead limitation as to taxes was applicable."

In the case of Abney v. State, a decision of the question was perhaps unnecessary, as the suit was for taxes due the State and county. In discussing it, however, Judge Collard said: "If it could be said that limitation would run against the State when the statute is silent upon the subject, it could only run from the time that the Revised Statutes took effect to the time the law was re-enacted, from September 1st to October 9, 1895. * * * The period during which the statute was silent was not sufficient to create a bar; and there was, therefore, no vested right."

It may be conceded that the statutes in such cases only affect the remedy, and that when an exception operates to prevent the running of the statute of limitations such exception may be repealed, and causes of action which would have been barred but for such exception, will be barred after its repeal as if it had never been in existence.

It may also be conceded that when the bar of the statute has once become complete, its effect can not be destroyed by subsequent legislation. The first rule, however, is subject to an important qualification. To repeal such an exception without allowing a reasonable time to sue, would be unconstitutional. It is customary, therefore, in repealing an exception which has prevented limitation from running, to allow a reasonable time after the repeal to sue upon causes of action which would be otherwise barred. But when the Legislature, as in the present instance, has failed to make such provision, the repeal is not held invalid because of such omission, but the court while giving effect to the law will nevertheless construe it as if it contained a provision allowing parties a reasonable time to assert rights which would be barred. Boon v. Chamberlain, 82 Texas, 480; Rucker v. Dailey, 66 Texas, 284. What is a reasonable time, may sometimes become a question of fact. Link v. City of Houston, 94 Texas, 378. The evidence may sometimes be such that the court can determine it as a question of law. Williams v. Bradley, 3 Texas Ct. Rep., 968.

In this case, only one month and nine days elapsed from the repeal of the clause and its re-enactment. It is unnecessary to determine whether we should hold, as a matter of law, that a failure to sue within this time was not unreasonable. There are no conclusions of fact or law in the record, and we may presume, if necessary, that the court passed upon this as a question of fact, and we should certainly be authorized in sustaining such finding. Link v. Houston, ante.

It follows, therefore, whether we say that limitation only ran from the repeal of the article on September 1, 1895, or that the city after that time had a reasonable time within which to sue, that there was no time

before this law was re-enacted when the statute of limitations could have been effectively plead as a defense. This being the case, there is no reason why the law as re-enacted should not be made to apply to the taxes prior to the year 1894, so as to prevent them from being barred by limitation.

There being no error in the judgment, it is therefore affirmed.

*Affirmed.*

Writ of error refused.