CLARK et al. v. MUSSMAN. (No. 5887.)

(Court of Civil Appeals of Texas. Austin. March 21, 1918.)

LIMITATION OF ACTIONS ⬤�298148(3)—EXTENSION OF NOTE—STATUTES.

Acts 33d Leg. c. 123 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), extending the running of the statute of limitations as to notes and deeds of trust, where duly executed contract of extension has been filed of record, does not require contract to be recorded at any particular time, and an extension filed for record some years after its execution, but before re-

newed obligation was barred by limitation, *held* sufficient.

Error from District Court, Travis County; Geo. Calhoun, Judge.

Action by William Mussman against W. C. Clark and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Hart & Patterson, of Austin, for plaintiffs in error. W. L. White, of Austin, for defendant in error.

KEY, C. J. This is an action to recover upon a promissory note and to foreclose a lien upon certain real estate; the plaintiff being William Mussman, and the defendants being W. C. Clark and his wife, S. B. Clark. The plaintiff recovered in the trial court, and the defendants have appealed. The case is submitted in this court upon a written agreement approved by the trial judge, which, after stating the substance of the pleadings, reads as follows:

"It is agreed that the only issues in this case are whether, under the facts in this case, plaintiff's cause of action and right to recover upon said note, also his right to foreclose his lien securing the payment of said note, are barred by the above-mentioned Acts of the Thirty-Third Legislature, or, in other words, whether plaintiff's cause of action and right to recover upon said note is barred by said Acts of the Thirty-Third Legislature and whether his right to foreclose the lien claimed by him securing the payment of the note sued upon is barred and cut off by said Acts of the Thirty-Third Legislature.

"It is agreed that the following facts were proven: That the note sued upon was given by Wm. Haschke and Ernestine Haschke to Mrs. Franziska Von Boeckmann, on June 30, 1900, and by its terms was due five years after date, and that no part of said note has been paid, except interest to October 31, 1914. That at the time said note was given its payment was secured by a deed of trust, dated June 30, 1900, given by Wm. Haschke and wife, Ernestine Haschke, to Theo. P. Meyer, as trustee, Mrs. Franziska Von Boeckmann, beneficiary, on lot No. 7, block 58, division E of the outlots of the city of Austin, Travis county, Tex., and lot No. 2, outlot 13, division B of the city of Austin, Travis county, Tex. That said deed of trust was duly signed and acknowledged by Haschke and wife on June 30, 1900, and filed for record in the county clerk's office of Travis county, Tex., on July 3, 1900, and duly and properly recorded in said office on July 9, 1900. That the defendant W. C. Clark purchased the lots covered by said deed of trust on October 16, 1903, and assumed on October 16, 1903, in the deed to him for said lots, the payment of said note. That said note and the lien of said deed of trust securing its payment was duly assigned and transferred by Mrs. Franziska Mittman (formerly Mrs. Franziska Von Boeckmann, she being a widow at the time the note and deed of trust were given to her, and afterwards intermarried with J. A. Mittman), joined by her husband, J. A. Mittman, to the plaintiff, on November 2, 1911. That said transfer was duly signed and acknowledged by Mrs. Mittman and her husband on the day the same was executed and duly filed for record in the county clerk's office of Travis county, Tex., on November 7, 1911, and recorded on the same day. That the note sued upon and the lien of said deed of trust of June 30, 1900, was renewed in writing by Wm. Haschke (one of the original makers of said note and deed of trust) and the

defendant W. C. Clark on December 23, 1907, and the time of payment of said note by said renewal instrument extended to June 30, 1911. That said renewal was duly signed and acknowledged by said Haschke and Clark, but was not filed for record in the county clerk's office of Travis county, Tex., or anywhere else, until January 20, 1916, and that the same was recorded in proper form and in the proper record book in said county clerk's office on January 24, 1916. That the note sued upon and the lien of said deed of trust of June 30, 1900, were also renewed in writing by the defendants W. C. Clark and wife, S. B. Clark, on October 30, 1911, and the time of payment of said note by said renewal instrument extended to October 30, 1914. That said renewal was duly signed and acknowledged by W. C. Clark and wife on the date it was given, but was not filed for record in the county clerk's office of Travis county, Tex., or anywhere else, until January 20, 1916, and that the same was recorded in proper form and in the proper record book in said county clerk's office on January 20, 1916. That no other renewal or extension of the note sued upon and the deed of trust and the lien securing its payment was at any time made or given by any one, except that of December 23, 1907, and October 30, 1911, mentioned above, and that neither of said renewals and extensions was filed for record in the county clerk's office of Travis county, Tex., until January 20, 1916, and was not recorded until January 24, 1916. That the defendant Mrs. S. B. Clark was a married woman and wife of the defendant W. C. Clark at the time she signed the renewal of October 30, 1911, and has continuously remained a married woman and wife of said W. C. Clark from October 30, 1911, to the trial of this case, and is now a married woman and wife of the defendant W. C. Clark. That this suit was filed by the plaintiff on February 23, 1916, and is the only suit that has been filed by plaintiff, or any one else, upon the note and deed of trust involved in this suit, and that no other suit has been filed to recover upon said note or to foreclose the lien. That the lots described in plaintiff's petition and upon which he claims to have a lien securing the payment of the note sued upon are situated in Travis county, Tex."

As indicated by the foregoing statement, plaintiff in error's contention is that both the debt and lien are barred by the Acts of the Thirty-Third Legislature referred to in the statement. Those acts are set out in full in the opinion of this court in Cathey v. Weaver, 193 S. W. 490, and, as they are rather voluminous, we shall not copy them in this opinion. They were enacted and became operative in 1913, prior to which time, and on October 30, 1911, appellants had in writing renewed their obligation to pay the debt and the lien by which it was secured, and the payment of the debt had been extended to October 30, 1914. True it is, the instrument evidencing the contract of such renewal and extension of time was not recorded until January 20, 1916, which was about one month before this suit was commenced, but the provision of the statute requiring such contracts of extension to be filed for record does not prescribe that such filing shall be forthwith, or at any particular time, and as the contract here involved was filed for record before the renewed obligation to pay the debt was barred by limitation, and before the suit was commenced, and as the right of no third person is in-

volved, we hold that, as between the parties to the contract, neither the debt nor lien was barred by that or any other statute of limitations.

This is the only question presented for consideration, and it being decided against plaintiffs in error, it follows that the judgment should be affirmed; and it is so ordered.

Affirmed.

─────────

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes