## HENSON v. C. C. SLAUGHTER CO.
### (No. 867.)

(Court of Civil Appeals of Texas. El Paso. Oct. 31, 1918.)

1. LIMITATION OF ACTIONS ⊂⇒6(10)—CHANGE AFTER ACCRUAL OF CAUSE OF ACTION.

As limitation laws relate to remedy only, and Legislature may increase or diminish the period of limitation, provided such change is made before the right has become barred under the pre-existing statute, the proviso to Acts 33d Leg. (1st Called Sess.) c. 27, § 1, amending Rev. St. 1911, art. 5695 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), prevented bar of vendor's lien notes executed subsequent to July 14, 1905, and maturing August 10, 1912, until four years after enactment of statute.

2. JUDGMENT ⊂⇒17(1)—PERSONAL SERVICE—AFTER AMENDMENT OF PETITION.

Where original petition in suit to foreclose vendor's lien did not ask for personal judgment against defendant, and there was no personal service after amendment, there could be no personal judgment.

3. LIMITATION OF ACTIONS ⊂⇒17—NATURE OF ACTION.

Where a purchaser of land on August 10, 1907, as part of purchase price, gave three notes, due, respectively, in three, four, and five years, and his vendee in 1911 made agreement with then owner of notes whereby, in consideration of increased interest, notes were made payable August 10, 1912, four years statute would bar personal recovery in a suit on the notes, and not on the subsequent agreement, brought after August 10, 1916.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Suit by the C. C. Slaughter Company against H. L. Wynne and another, in which J. E. Henson was made a party defendant by amendment to petition. From the judgment rendered, plaintiff and Henson appeal. Affirmed on Henson's appeal.

S. W. Pratt, of Stanton, and H. A. Leaverton, of Midland, for appellant. Towne Young, of Dallas, for appellee.

### Statement of the Case.

WALTHALL, J. On August 10, 1907, H. L. Wynne purchased from R. L. Slaughter a

quarter section of land situated in Martin county, Tex., and as part consideration therefor executed and delivered to Slaughter his three promissory notes, each in the sum of $266.66, and due, respectively, in three, four, and five years, each bearing 6 per cent. interest from date, and payable at Midland, Tex., and to secure same a vendor's lien was retained and expressed in the deed of conveyance, and provided, further, that a failure to pay the notes or any of them when due, or any installment of interest due on any or all of the notes, at the election of the holder, would mature the notes. Attorney's fees, in the event of suit, were also provided in the notes.

H. N. Garrett, about September 11, 1908, purchased the land from Wynne. C. C. Slaughter Company having become the owner of the notes, an agreement was entered into between Garrett and C. C. Slaughter Company, in consideration of an increased interest payment, by which the notes were made payable on the 10th day of August, 1912. The extension agreement was entered into in 1911. The notes not having been paid, C. C. Slaughter Company filed this suit against Wynne and Garrett on the 18th day of January, 1916, alleging the residence of each as unknown, and praying for judgment foreclosing the vendor's lien on the land, as it existed on the 10th day of August, 1907, and, in the alternative, that its superior title be established and vested in the C. C. Slaughter Company. No service was ever had on Wynne. Personal service was had on Garrett on December 1, 1916. On January 27, 1917, Garrett conveyed the land to appellant J. E. Henson. On March 26, 1917, appellee, C. C. Slaughter Company, amended its petition making Henson a party defendant, and praying for judgment foreclosing the vendor's lien, and for personal judgment against each of defendants for the amount due on the said notes, attorney's fees, and costs; or, in the alternative, that its superior title be established, and the title and possession to said land be vested in plaintiffs; for damages, costs, and relief, both in law and equity. The alternative plea was later abandoned, plaintiff electing to take personal judgment and foreclosure of the vendor's lien. Personal service was had on Henson on 31st of March, 1917. At the trial at the September term of court, 1917, no service having been had on Wynne, suit was dismissed as to him. Garrett filed no answer. Henson answered by general demurrer, general denial; that the four-year statute of limitation barred the action as to him, both as to the debt and the lien; want of notice of the assignment of the superior title to the land by R. L. Slaughter to C. C. Slaughter Company; want of notice of the new contract of extension of due dates of notes. The case was tried without a jury. The court found that the total amount due on said notes, including principal, interest, and attorney's fees, was $1,257.-

58, and that said sum should be satisfied out of the foreclosure of the vendor's lien on said land, and so decreed that Garrett and Henson go hence without day, and that all costs be taxed against the said land and recovered under the foreclosure sale. Plaintiff and Henson each excepted to the judgment and have perfected appeals.

## Opinion.

[1] Appellant Henson, in his first assignment and the propositions thereunder, insists that the court was in error in foreclosing the vendor's lien on the land involved in the suit, on the ground that the notes were barred by the four-year statute of limitation, and that, the vendor's lien being only an incident to the notes, the lien was also barred. The contention made under this assignment was evidently the law of this state under articles 5694 and 5695, Revised Statutes 1911, and prior to the amendments to said articles by the Thirty-Third Legislature. At the regular session of the Thirty-Third Legislature (Acts 33d Leg. c. 123; Vernon's Sayles' Annotated Civ. St. 1914, arts. 5693–5695) those articles of the Revised Statutes of 1911 were amended. We think we need not set out the amendment in full. At the first called session of the same Legislature, chapter 27, art. 5695, as amended at the regular session, heretofore referred to, was again amended (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695). And the article as last amended, we think, disposes of the question against appellant's contention. We quote only the portion of the article 5695, as thus amended, which is applicable to the facts here presented:

"And provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendor's lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four years statutes of limitation when this act takes effect, and if such debt is not extended of record, or suit is not brought within such four years or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same."

The facts bring this case clearly within the provisions of the portion of the amended article quoted. The notes are vendor's lien notes reserved in the deed of conveyance; the notes and the deed were executed subsequent to 1905; the notes were not already barred by the four-year statute of limitations when the act took effect; the suit to foreclose the lien was brought within four years after the act took effect.

As said by Mr. Chief Justice Key in Cathey v. Weaver, 193 S. W. 490, limitation laws prescribing the time within which a particular right may be enforced relate to remedies only, and it is well settled that the Legislature has the power to increase or diminish

the period of time necessary to constitute limitation, provided such change is made before the right has become barred under the pre-existing statute of limitation, which was not the case here. The act quoted above extended the time within which the suit to foreclose the lien could be brought to four years after the act took effect, and the suit was filed and service had within that time. In addition to the case of Cathey v. Weaver, supra, discussing the application of the amended articles referred to above, we cite Barger v. Brubaker, 187 S. W. 1025; McCutcheon & Church v. Smith, 194 S. W. 832; Tullos v. Mayfield, 198 S. W. 1073; Key v. Jones, 191 S. W. 736; L. C. Denman Co. et al. v. Standard Savings & Loan Association, 200 S. W. 1109; Clark v. Mussman, 203 S. W. 380.

[2] Appellee, C. C. Slaughter Company, assigns as error the finding by the trial court that limitation run against the notes sued on until November 24, 1916, the date of the issuance of citation, the suit having been filed January 18, 1916. As a ground for the holding complained of, the court found that about the time of the filing of the suit the plaintiff, through its attorney, requested the clerk not to issue citation until further notice, and that no request was made for the issuance of citation until the 24th day of November, 1916. It is claimed that there was no evidence upon which the court could base its finding that such request was made to the clerk. We think we need not quote the evidence. While the evidence offered might have reference to the issuance of the citation by publication applied for, we think it also could have embraced citation for personal service. We cannot say that the court was in error in the finding. So holding, the court refused to render personal judgment against Garrett and appellant Henson, the notes becoming barred under the four-year statute on the 10th day of August, 1916. Apart from that, when Garrett was served with citation, appellee had not asked for personal judgment against him, and he was not served with citation after amendment asking for personal judgment. As to Henson it is not alleged that he assumed the payment of the notes. The assignment is overruled.

[3] The above holding necessarily disposes of appellee's second and third assignments. The suit was based on the notes, and not on the promise of Garrett to pay an increased rate of interest on the notes as a consideration for an extension of the due dates on two of the notes. The due date of all of the notes by the agreement was fixed to be on the 10th day of August, 1912. The statute barred a personal recovery as to all parties on the notes after August 10, 1916. For reasons stated, we think the court was not in error in not rendering personal judgment against either of the parties defendant.

Finding no error, the case is affirmed.