### BEAN et ux. v. J. I. CASE THRESHING MACH. CO.   (No. 1630.)

(Court of Civil Appeals of Texas. Amarillo. March 24, 1920. Rehearing Denied April 28, 1920.)

**1. Limitation of actions ⬯⬯4(2)—Legislature may shorten period, or provide a statute where none exists.**

The Legislature may provide a shorter period of limitation for existing causes of action, and may create a statute of limitations, where none existed before; but it cannot, by so abbreviating the time within which suit must be brought, take away the right of action altogether, and must allow a reasonable time after the law goes into effect to bring suits on actions not already barred.

**2. Limitation of actions ⬯⬯4(2)—Legislature may extend period or remove bar altogether.**

As to causes of action not already barred, the Legislature may extend the period of limitation or remove the bar altogether.

**3. Mortgages ⬯⬯424—Holder of notes secured has four years to foreclose after passage of last limitation statute.**

Where notes secured by a mortgage on real estate, though due, were not barred by limitations, when Rev. St. 1911, art. 5695, prescribing a period of limitation was amended by Acts 33d Leg. 1st Called Sess. (1913) c. 27 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), which had already been amended by Acts 33d Leg. (1913) c. 123 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), the holder of the notes had four years after the last amendment took effect within which to commence foreclosure suit, and such period could not be shortened on the theory that the four-year period should be counted from the first amendment.

**4. Limitation of actions ⬯⬯151(1)—Acknowledgment of debt tolls limitations against mortgage notes as personal obligations.**

Letters acknowledging the justness of debts evidenced by notes secured by a mortgage *held*, under Rev. St. 1911, art. 5705, to stop the running of limitations against the notes as personal obligations of the makers; the provision of that article not being affected by articles 5693–5695, as amended (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), in which the Legislature was dealing with liens.

Error from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by the J. I. Case Threshing Machine Company against L. L. Bean and wife. There was a judgment for plaintiff, and defendants bring error. Affirmed.

---

⬯⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Synnott & Dugan, of Dallas, for plaintiffs in error.

Spence, Haven & Smithdeal, of Dallas, for defendant in error.

HUFF, C. J. The defendant in error, J. I. Case Threshing Machine Company, sued L. L. Bean and wife, plaintiffs in error, on two notes, each for the sum of $706.40, dated the 20th day of May, 1910, due, respectively, November 1, 1911, and November 1, 1912, and to foreclose a mortgage lien on certain real estate, and also to foreclose a chattel mortgage on personal property. The defendants in error plead an acknowledgment of the justness of the indebtedness by plaintiffs in error in writing, and the facts in the case seem to be undisputed that the justness of the indebtedness was admitted in writing, and would be sufficient to stop the running of the statute of limitation under article 5705 of the Revised Statutes. It is contended, however, by plaintiffs in error, that articles 5693, 5695, as amended by the regular and called sessions of the Thirty-Third Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), are the statutes which control the statute of limitation in this case. The plaintiff in error answered by exception on the ground that the petition showed that the cause of action was barred by the statute of limitation and also plead the four-year statute of limitation. The only issue, therefore, is one of limitation.

Plaintiffs in error present the following proposition under their assignments:

"By the act of the regular session of the Legislature of 1913, the holder of these notes was given four years from the time that act took effect, to wit, from the 1st day of July, 1913, in which to file suit, and by the act of the first called session of the same Legislature they were given four years from the 19th day of November, 1913, in which to file suit, and inasmuch as, when the second act took effect, 4 months and 19 days had run under the first act, these holders had only 3 years 7 months and 11 days after the new act took effect, or until July 1, 1917, in which to file their suit, and since the suit was not filed until July 17, 1917, the notes and right of foreclosure were barred by the statute of limitation."

[1, 2] The rule invoked by plaintiff in error is that of proportion. The cases in which this rule has been applied, in so far as our attention has been called to it, were cases in which the new statute shortened the period of limitation. It was said by the Supreme Court in Wright v. Hardie, 88 Tex. 653, 32 S. W. 885:

"The Legislature may provide a shorter period of limitation for existing causes of action. It may make a statute of limitaton for causes where none existed before, but it cannot, by so abbreviating the time in which suit must be brought, take away the right of action alto-gether. It must allow a reasonable time after the law goes into effect to bring suit upon actions which are not then barred. Where the time has been shortened, and the statute has been running against the cause of action, at the time the new statute takes effect, the rule adopted by the decisions of this court has been to apply absolutely neither the old law nor the new, but to allow such proportion of the unexpired period under the old statute as * * * prescribed * * * bears to the period limited by the new. Odum v. Garner, 86 Tex. 374, 25 S. W. 18, and cases cited." Gautier v. Franklin, 1 Tex. 732.

In passing we may say it has occurred to us that article 5712, R. C. S., may have some bearing on the question here at issue; but on looking into the matter under our decisions we have arrived at no satisfactory conclusion as to the effect which should be given that article in this case, or whether in fact it has any controlling effect. See Rucker v. Dailey, 66 Tex. 284, 1 S. W. 316; Boon v. Chamberlain, 82 Tex. 480, 18 S. W. 655; Meyer v. Andrews, 70 Tex. 327, 7 S. W. 814; Voigt v. Railway Co., 94 Tex. 357, 60 S. W. 658; Id. 59 S. W. 578. It has been said repeatedly as to all causes of action not actually barred the Legislature has the power to prolong the period of limitation or remove the bar altogether. Mellinger v. City of Houston, 68 Tex. 36, 3 S. W. 249; Voigt v. Railway Co., 94 Tex. 357, 60 S. W. 658; Wheeler v. Jackson, 137 U. S. 255, 11 Sup. Ct. 76, 34 L. Ed. 659.

[3] Article 5695, as amended by the first called session of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), being constitutional in giving 4 years after the act takes effect in which to bring suit on the claim in question, which was not at that time barred, and which act, with reference to the extension of the period, is clear and unambiguous in its terms, courts are without authority to write into it a different meaning by construction or by the rule of proportion, which has been adopted by the courts to do equity, where the new law fixes a shorter period of limitation than the old would have granted to sue on the claim. McCutcheon v. Smith, 194 S. W. 831; Tullos v. Mayfield, 198 S. W. 1073; Cathey v. Weaver, 193 S. W. 492; Henson v. Slaughter, 206 S. W. 375, and authorities above cited. The article in question, 5695, as amended by the first called session, took effect November 18, 1913. The notes matured November 1, 1911, and November 1, 1912. Suit was instituted thereon July 17, 1917, so neither under that amendment would have been bound until November 18, 1917. That part of the statute affecting this case reads:

"And provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendor's lien notes reserved in deeds of conveyance which were executed

subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for; or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four years statutes of limitation when this act takes effect."

At the regular session of the Thirty-Third Legislature this article was amended, which substantially, with reference to the issue now in hand, read as the amendment by the called session. That amendment at the regular session took effect July 1, 1913. It is insisted by plaintiffs in error that, when the first amendment went into effect, both notes were due, and limitation was then running against the notes, and that 4 months and 19 days of it ran before the new law went into effect, and for that reason the holder did not have full 4 years from the time the last law went into effect. When the last law went into effect, the notes sued on at that time were not barred. The statute meets the plaintiff in error's argument when it states the owner "shall have four years after this act takes effect" within which to sue, if the obligation was not then already barred. If the statute means what it says, the owner had 4 years in which to sue from the time the act took effect. The mere fact that the cause of action accrued before the passage of the acts, or either of them, is not sufficient to take it out of the operation of the statute under which defendants in error claim. This act deprived plaintiff in error of no vested right. It only extended the time in which the defendant in error had the right to sue. If the Legislature had "the power to prolong the period of limitation, or to remove the bar altogether," it would seem to us to have the right to grant from the date the law takes effect 4 years in which to sue. In other words, the Legislature in effect fixed that period as a reasonable time in which to sue. It is therefore strictly a legal right granted to the owner of such obligations. The defendant in error has not called on the court to adjust an old statute and the new, so that he would have in equity a reasonable time in which to sue. The Legislature determined that question for it and for the courts.

[4] It is also asserted that the defendant in error cannot recover a personal judgment against the makers of the note, for the reason that for that purpose the notes would be barred by limitation under articles 5693–5695, and that the letters acknowledging the justness of the debt would not stop the running of the statute under article 5705. We agree with the opinion in Adams v. Harris, 190 S. W. 245, that by the articles first above mentioned the Legislature was undertaking to deal with liens and the superior legal title in a vendor, and that the provisions of the latter article, 5705, were not modified or destroyed thereby. The letters which acknowledge the justness of the debt were sufficient to stop the running of the statute against the notes as a personal obligation of plaintiffs in error.

The judgment of the trial court will be affirmed.