ADAMS v. HARRIS.  (No. 1670.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 9, 1916.)

1. VENDOR AND PURCHASER ⬥⟳278—EXTENSION OF LIEN—LIMITATION OF ACTIONS.

Under Vernon's Sayles' Ann. Civ. St. arts. 5693, 5694, limiting the foreclosure of liens on land either by exercise of power of sale or by foreclosure suit to four years after the maturity of the indebtedness, unless extended as provided by article 5695, which required the extension to be in writing, acknowledged and filed for record, the extension of a vendor's lien note, not recorded, does not authorize foreclosure after the expiration of the limitation period even as between the parties thereto.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 776, 777; Dec. Dig. ⬥⟳278.]

2. LIMITATION OF ACTIONS ⬥⟳148(4)—RENEWAL OF PROMISE—STATUTE.

But such extension, when signed by the party to be charged, as required by article 5705, is a sufficient renewal of the note as a personal obligation, and entitles the vendor to judgment thereon.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 601; Dec. Dig. ⬥⟳148(4).]

Appeal from District Court, Titus County; J. A. Ward, Judge.

Suit by Mrs. Mary J. Harris against James R. Adams and another, to recover the balance due on a promissory note and foreclose a vendor's lien. Judgment for the plaintiff for a part only of the amount due on the note and denying foreclosure of the vendor's lien, and both parties named appeal. Judgment reformed as to the amount of recovery, and otherwise affirmed.

Price & Beaird, of Tyler, for appellant. J. M. Burford, of Mt. Pleasant, for appellee.

HODGES, J. In November, 1915, Mrs. Mary J. Harris, the appellee, filed this suit against C. H. Wallace and the appellant, J. R. Adams. The object of the suit was to recover a judgment for the balance due on a promissory note originally executed by Wallace for $400, and to foreclose a vendor's lien upon certain described real estate. The material facts are set out in the findings of the trial court, which are, in substance, as follows: On April 29, 1901, J. E. Taylor sold and conveyed by a general warranty deed a tract of land situated in Titus county to C. H. Wallace, a part of the consideration being a note for the sum of $400 payable to Taylor or bearer January 1, 1902. The note contained the usual provisions for interest and attorney fees, and expressly reserved a vendor's lien upon the land conveyed. Some time before the maturity of the note Taylor, for a valuable consideration, assigned it, together with the lien, to the appellee, Mary J. Harris. The note was not paid at maturity, but the interest appears to have been paid as it accrued. On December 9, 1913, the note being out of date, Wallace, the maker of the note, executed the following contract of renewal:

"In order and for the purpose of renewing the hereto attached note given by Dr. C. H. Wallace on April 29, 1901, for the sum of $400.00 in favor of J. E. Taylor or bearer, I, Dr. C. H. Wallace, do hereby acknowledge in writing that said note, less the credits on same is just, due and unpaid, and that all liens securing the same are valid and binding. [Signed] C. H. Wallace."

This agreement was attached to the note. On December 23, 1914, Wallace, joined by his wife, conveyed the land for which the note was given to James R. Adams, the appellant. As a part of the consideration Adams assumed the payment of the above-mentioned note for the extent of $300. On April 30, 1915, Adams, desiring to secure an extension of the note, entered into a contract to that effect, which was duly signed and acknowledged by him and Mrs. Harris. Neither of these contracts of renewal was recorded as provided for by law. At the time of the last renewal there was due upon the note $342.17.

Upon these facts the court concluded that both contracts of renewal were ineffectual because neither was recorded as required by the statute. He further concluded, however, that by reason of the assumption on the part of Adams, as stated in the deed from Wallace to him, of the payment of $300 on the note, Adams was personally liable to the plaintiff for that amount, with legal interest from January 1, 1915. He rendered judgment accordingly, but refused to foreclose the vendor's lien. Judgment also was rendered against Wallace for the amount of the note sued on, with interest. Both parties have appealed from that judgment. Adams assigns as error the action of the court in rendering judgment against him for any sum. Mrs. Harris complains that the court erred in failing to render judgment in her favor for the full amount of the note, and further in refusing to foreclose the vendor's lien stipulated in the note.

[1] Article 5693 of Vernon's Sayles' Statutes provides that the power of sale in any mortgage or deed of trust shall expire four years after the maturity of the indebtedness secured. Articles 5694 and 5695, as amended by the act of 1913 are as follows:

"Art. 5694. The right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter executed, or in any vendor's lien note or notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for recovery of such real estate, or for the foreclosure of the lien to secure such note or notes within four years from the date of maturity of such indebtedness, or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such notes, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover such land or to enforce a lien thereon, and the lien reserved in any such notes and deeds conveying the land shall cease to

exist four years after the note or notes have matured, provided the lien reserved in such note or notes may be extended as provided in section 5695 of this chapter and provided, if several obligations are secured by said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years statute of limitations.

"Art. 5695. When the date of maturity of either debt referred to in either of the foregoing articles is extended, if the contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the party or parties obligated to pay such indebtedness as extended and filed for record in the county clerk's office in the county in which the land is situated, the lien shall continue and be in force until four years after maturity of the notes as provided in such extension, the same as in the original contract and the lien shall so continue for any succeeding or additional extension so made and recorded. The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or the recorded renewal and extension of the same shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned. Provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendors' lien notes reserved in deeds of conveyance which were executed prior to July 14, 1905, and which are more than four years past due at the time this act takes effect as shown by the original mortgage, deed of trust or conveyance, or last record extension shall have twelve months after this act takes effect within which they may obtain such record extension as hereinbefore provided for, or bring suit to enforce the liens securing them if same are valid obligations when this act takes effect and if such debt is not so extended of record, or suit is not brought within such time, the right to extend such debt of record, or bring suit to enforce such liens shall be forever barred," etc.

It will be observed that articles 5693 and 5694 fix four years after the maturity of the debt as the limit within which the lien created to secure its payment may be enforced either by the execution of a power of sale or through judicial proceedings. But in that connection it is also provided that such liens may be extended in the manner specified in article 5695. Briefly stated, it is required by the latter article that the contract of extension must be in writing, signed and acknowledged by the party to be bound thereby, and filed in the office of the clerk of the county court of the county in which the land is situated. It is urged by counsel for the appellee that, as between the parties to the renewal contract, registration is not essential to its validity; that this provision of the statute was inserted only for the benefit of third parties having a right to rely upon the deed records for notice that the lien had been extended. The force of that contention is weakened, if not destroyed, when we consider the evil which the law was intended to correct and the language employed with reference to contracts made prior to July 14, 1905. The Legislature must have had in mind the frequent embarrassments resulting from protracted delays in asserting outstanding superior legal titles where the purchase money of land had not been paid, and in enforcing liens which had been renewed without the

evidence having been placed of record. The Legislature had the power, if it saw fit to exercise it, to make registration in such cases essential to the validity of contracts of extension beyond the lifetime of the vendee's original obligation.

Article 5695 provides a method for ascertaining the maturity of debts secured by liens for the purpose of determining whether or not the lien is barred. It is expressly provided that the date of maturity as set forth in the deed of conveyance, the mortgage or deed of trust, or the recorded renewal and extension shall be conclusive evidence of the date of maturity. In the absence of any recorded renewal and extension, the date specified in the conveyance, deed of trust, or mortgage must control.

In this case the debt and lien were created prior to July 14, 1905. Neither had been discharged in 1913 when the present law was enacted. By the express terms of the statute the holder was allowed 12 months after it went into effect to do one or the other of two things—procure and have recorded a contract of extension, or file suit for the enforcement of the lien. It is provided that:

"If such debt is not so extended of record, or suit is not brought within such time (one year), the right to extend such debt of record, or bring suit to enforce such liens shall be forever barred."

The appellee, in this instance having failed to comply with either of these requirements, must suffer the consequences. Her lien became barred.

[2] But the court also held that the renewal contract which had been made by Wallace at one time and Adams at another did not have the effect of perpetuating the personal obligation to pay the original note. In this we think there was error. In enacting the statute which has been discussed the Legislature was undertaking to deal with liens and the superior legal titles to real estate, and no attempt was made to disturb, or modify, the provisions of article 5705, which prescribes the manner of renewing personal obligations which have become barred by limitation. The renewal contracts executed by Wallace and Adams, while ineffectual for the purpose of renewing and extending the lien because not executed within the time prescribed by the statute, nor recorded as there required, were sufficient to renew and extend the original personal obligation to the extent specified. According to the findings of the court the appellant, after purchasing the land, did enter into a contract with the appellee by which he agreed to pay the balance due on the original purchase-money note. That contract is valid and enforceable personal obligation, notwithstanding the expiration of the lien by limitation.

The judgment of the trial court will therefore be reformed as to the amount awarded against the appellant. In all other respects it will be affirmed.