HOYA v. SELF. (No. 157.)

(Court of Civil Appeals of Texas. Beaumont. March 1, 1917. Rehearing Denied March 21, 1917.)

LIMITATION OF ACTIONS ⊂⊃148(3)—STATUTORY CONSTRUCTION — PURCHASE-MONEY NOTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5695, effective in 1913, barring notes then four years past due and executed before 1905 as shown by the last record extension, bars such a note although it bore an unrecorded indorsement of extension dated in 1911.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 597.]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by Charles Hoya against T. J. Self. Judgment for defendant, and plaintiff appeals. Affirmed.

C. A. Hodges, of Nacogdoches, for appellant. E. B. Lewis, of Nacogdoches, for appellee.

BROOKE, J. Appellant, Hoya, sold appellee, Self, a tract of land by deed dated February 1, 1901, in part payment for which appellee gave appellant his note for $161, bearing 10 per cent. interest, with 10 per cent. attorney's fee, secured by lien against the land, and due December 1, 1901. November 21, 1911, the following was written on the back of the note:

"For value received, I hereby renew the within note and promise to pay same Oct. 1, 1912."

Suit was filed January 26, 1916. The defendant pleaded the four-year statute of limitation to the note. Appellant answered that the note sued on was valid; that appellant was the original vendor, and by reason of which owned the superior title to the land, and on November 21, 1911, had said note renewed, in accordance with the law then governing such notes; that same was not affected by the recent act of the Legislature, which did not take effect until 1913. The

court held the note barred. A motion for new trial was filed and overruled. Notice of appeal was given as required by law, appeal bond was filed, errors assigned, and the cause is now properly before this court.

At appellant's request, the trial court filed its findings of fact and conclusions of law, as follows:

"I find, as a matter of fact, the note sued on was executed by the defendant February 1, 1901, due December 1, 1901, for $161, bearing 10 per cent. interest from date, with the usual 10 per cent. attorney's fees clause on the principal and interest as collection fees, if collected by an attorney or in case suit is brought, in favor of the plaintiff and given in part payment for 78 acres of land on the M. J. Sanches Grant about 20 miles northwesterly from Nacogdoches, Tex., fully described in the petition and in said note, and to secure the payment of the note a vendor's lien was retained therein said note, and find the following payments were made thereon:

| | | |
|---|---|---|
| February 12, 1903 | ........... | $25.00 |
| January 29, 1907 | ........... | 50.00 |
| February 24, 1909 | ........... | 50.00 |
| November 1, 1910 | ........... | 75.00 |
| November 1, 1910 | ........... | 25.00 |
| January 15, 1913 | ........... | 40.00 |

"And the following renewal indorsed on the back of said note by the defendant: 'November 21, 1911. For value received I hereby renew the within note and promise to pay the same October 1, 1912. [Signed] T. J. Self—and no renewal of record.

"Conclusion of Law.

"I conclude as a matter of law, that said note is unenforceable and is barred by the statute of limitation, and find there is yet due on said note $96.39, and 10 per cent. attorney fees, and that plaintiff filed this suit January 26, 1916. "March 30, 1916."

Appellant assigns error as follows:

(a) The court erred in rendering judgment for the defendant and in not rendering judgment for the plaintiff for the amount of the note, principal, interest, and attorney fees, with a foreclosure of his lien upon the land described in plaintiff's petition, because the undisputed testimony showed that the plaintiff was the vendor, and as such held the superior title to said land, and that same is and was a legal, valid, and binding obligation due the plaintiff by the defendant and not subject to the statute of limitation.

(b) The court erred in not rendering judgment for the plaintiff against the defendant for the amount of the note with a foreclosure of his lien against the land, because the cause of action as pleaded was based upon a vendor lien note showing the plaintiff to be the vendor and which note had been by the defendant properly renewed in substance, as follows, to wit: "November 21st, 1911. For value received I hereby renew the within note and promise to pay the same on October 1st, 1912. [Signed] T. J. Self"—by which renewal the same is and was a valid obligation, and not barred by the statute of limitation.

(c) The court erred in not rendering judgment against the defendant for the plaintiff, for the reason plaintiff sought a recovery

upon defendant's obligation execution November 21, 1911, due October 1, 1912, duly .indorsed on the back of the original land note, and that same was a valid obligation at the time of the passage and taking effect of the acts passed by the thirty-third Legislature affecting the renewal of land notes, and same is a valid obligation."

Article 5694, Vernon's Sayles' Texas Civil Statutes, provides:

"The right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter executed, or in any vendor's lien note or notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for recovery of such real estate, or for the foreclosure of the lien to secure such note or notes within four years from the date of the maturity of such indebtedness, or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such notes, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover such land or to enforce a lien thereon, and the lien reserved in any such notes and deeds conveying the land shall cease to exist four years after the note or notes have matured: Provided the lien reserved in such note or notes may be extended as provided in section 5695 of this chapter: And provided, if several obligations are secured by said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years' statute of limitations."

Article 5695 is as follows:

"When the date of maturity of either debt referred to in either of the foregoing articles is extended, if the contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the party or parties obligated to pay such indebtedness as extended and filed for record in the county clerk's office in the county in which the land is situated, the lien shall continue and be in force until four years after maturity of the notes as provided in such extension, the same as in the original contract and the lien shall so continue for any succeeding or additional extension so made and recorded. The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or the recorded renewal and extension of the same shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned: Provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendor's lien notes reserved in deeds of conveyance which were executed prior to July 14, 1905, and which are more than four years past due at the time this act takes effect as shown by the original mortgage, deed of trust or conveyance, or last record extension shall have twelve months after this act takes effect within which they may obtain such record extension as hereinbefore provided for, or bring suit to enforce the liens securing them if same are valid obligations when this act takes effect and if such debt is not so extended of record, or suit is not brought within such time, the right to extend such debt of record, or bring suit to enforce such liens shall be forever barred: And

provided that the owners of all notes secured by deeds of trust or other liens, and the owners of all vendor's lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four years statutes of limitation when this act takes effect, and if such debt is not extended of record, or suit is not brought within such four years or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same: And further provided if any such obligations executed subsequent to July 14, 1905, were barred by the four years statute of limitation on the 30th of June, 1913, the owners thereof shall have four years within which to bring suit to enforce the lien securing the same: And providing those owning the superior title to land retained in any deed of conveyance of his transferee and those subsequently acquiring such superior title by transfer, shall have twelve months after this act takes effect within which to bring suit for the land if their claim to the land is not otherwise invalid and unless such suit is brought within twelve months after this act takes effect, they shall be forever barred from bringing suit to recover the same."

It will be seen that the latter article provides that the owners of all notes secured by deeds of trust or other liens, as in the instant case—

"which were executed prior to July 14, 1905, and which are more than four years past due at the time this act takes effect, as shown by the original mortgage and deed of trust or conveyance, or last record extension, shall have twelve months after this act takes effect within which they may obtain such record extension as hereinbefore provided for, or bring suit to enforce the lien securing them if same are valid obligations when this act takes effect and if such debt is not so extended of record, or suit is not brought within such time, the right to extend such debt of record, or bring suit to enforce such lien shall be forever barred."

Tested by the above language, the note sued on, and the conveyance upon which the note was based was of record prior to 1905, and there was no recorded renewal or extension of the same after the act took effect. It is shown also that more than 12 months elapsed before suit was brought on the obligation after the act took effect, and that no record extension was obtained as provided in the act. We therefore are constrained to hold that the action of the lower court, the same being in obedience to the express provisions of the above statute, was correct, and that there was no error in its action in refusing to enforce or in holding that the said note was unenforceable, and was barred by the statute of limitation.

The assignments are overruled.

We have carefully examined the record, and, seeing no error, the action of the lower court is in all things affirmed.

It is so ordered.