F. C. Von Rosenberg, of Austin, for defendant in error.

HAMILTON, J.  The case is before us on a question certified to the Supreme Court as follows:

"Defendant in error brought suit in the county court of Travis county to recover certain commissions which he alleged to be due him as coexecutor of the estate of Henrietta Blau, deceased.

"The facts are as follows:

"Henrietta Blau, deceased, appointed appellant and appellee independent executors of her will, which was duly probated.  Both executors qualified and returned an inventory of her estate.  Appellant was the residuary legatee of the estate.

"There was on hand at the time of the death of deceased cash $374.62 and notes of the aggregate face value of $10,310.  All of this was in the hands of appellant at the time of the death of Mrs. Blau.  For some years he had been her business agent and confidential adviser, and as such had possession of her money and notes.  Soon after the will was probated appellant refused to allow appellee to have anything to do with the administration.

"The will provided that various legacies, aggregating $4,025, should be paid by the executors.  These were paid by checks drawn by the attorney of the executors on a fund placed to his credit by appellant for that purpose.  The attorney of the executors took receipts therefor, executed to both of the executors.  Debts of the estate, aggregating $1,286.04, were paid in like manner.  Appellant collected debts due the estate to $844.

"Payments of debts and legacies were from the following sources:

Cash on hand at death of deceased.......... $  374 62
Money collected...... ........................    844 00
Money borrowed by appellant.................   3,500 00
Out of his own funds.........................    592 42
                                                ---------
                                               $5,311 04
Deducting cash on hand......................    374 62
                                                ---------
Leaves ....................................... $4,936 42

"This sum the trial court treated as money received by the executors, and found that appellee was entitled to 2½ per cent. thereof, amounting to $123.41.  The court also allowed appellee 2½ per cent. on $1,286.04, money collected, to wit, $32.15, making a total of $155.56.

"The money borrowed by appellant was upon his individual credit, and upon collaterals furnished by him.

"This suit was tried in the county court by the court without a jury on appeal from a justice court.  We affirmed the judgment of the trial court allowing defendant in error the commissions claimed by him.  The case is now pending in this court on motion for a rehearing.

"In view of the novelty as well as of the importance of the question here certified, and in view of the further fact that appellant cannot prosecute a writ of error herein, we deem it proper to certify to your honorable court the following question which is presented by the pleadings and the evidence herein, and is material to a proper disposition hereof, to wit: Should defendant in error have been allowed commissions on the whole of the $4,936.42, or only on the $844, shown in the foregoing statement of facts?  In other words, should the $3,500 borrowed by plaintiff in error, and the $592.42 advanced by him, all of which was paid out on legacies and debts of the estate, be treated as money received by the executors?"

In so far as Ziller is concerned, the only difference between this transaction and one which would have arisen, if the money had been received from a third person, lies in the fact that Von Koenneritz, the coexecutor, supplied the money.  It was deposited to the credit of the attorney of the executors for the purpose of paying debts of the estate.  Ziller became responsible, in the same degree, for the money as if it had been received from any other person.  If Von Koenneritz, as residuary legatee, desired to avoid payment of commissions by the estate, he could have done so by giving bond as required in the withdrawal of estates from administration and discharging the executors.  Instead of doing so, he chose to pursue a course that imposed on Ziller all the duties and responsibilities that would have arisen from the receipt of the money from any other person.

Therefore we recommend that the question be answered to the effect that defendant in error should be allowed commissions on the whole of the $4,936.42.

CURETON, C. J.  The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

---

## HOYA v. SELF.  (No. 352—3082.)

(Commission of Appeals of Texas, Section A.
Nov. 15, 1922.)

1. Limitation of actions ⬥145(5) — Barred debt sufficient consideration for renewal.

Where note was executed in February, 1901, and due December, 1901, and in November, 1911, the maker renewed it by indorsing on the back thereof "For value received I hereby renew the within note and promise to pay same October 1, 1912," the renewal was valid; a barred debt being sufficient consideration for a renewal thereof.

2. Limitation of actions ⬥168—Vendor and purchaser ⬥278—Lien held barred, although note renewed, where no extension of lien appeared of record; note held not barred by barring of lien.

Although vendor's lien note dated February 1, 1901, and due December 1, 1901, was renewed in 1911 by the maker's written indorsement on back thereof of renewal of the note to be paid October 1, 1912, and such renewal was then sufficient to give life to the lien, and

the debt and security were thereby given their former status, yet, the note being a past-due obligation when the 1913 Statutes (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695), went into effect, and the lien being to secure an obligation more than 4 years past due, as shown by the conveyance to which the lien was reserved, and no extension of time being apparent of record, these statutes barred the lien, where no extension of the lien was placed of record, and no suit was brought within 12 months after the date of the taking effect of the 1913 act; but the bar of the lien did not extend to the note, so that, it having been properly renewed, suit thereon, brought within 4 years from the maturity of the renewal, was not barred.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Chas. Hoya against T. J. Self, Sr. The Court of Civil Appeals affirmed a judgment of the circuit court for defendant (193 S. W. 226) and plaintiff brings error. Reversed and rendered.

C. A. Hodges, of Nacogdoches, for plaintiff in error.

E. B. Lewis, of Nacogdoches, for defendant in error.

RANDOLPH, J. The Supreme Court, in granting the application for writ of error in this case, made the following notation:

"In holding the note as distinguished from the lien unenforceable, the decision is in conflict with Adams v. Harris, 190 S. W. 245."

Hoya, as plaintiff, filed this suit against Self, defendant, to recover upon a vendor's lien note and to foreclose his vendor's lien upon certain property. The note was dated February 1, 1901, and became due December 1, 1901. On November 21, 1911, by the following written on the back thereof, the note was expressly renewed:

"For value received I hereby renew the within note and promise to pay same October 1, 1912."

Defendant, Self, pleaded limitation as against both the note and the action to enforce the lien. The petition in this suit was filed January 26, 1916. The trial court concluded as a matter of law that the note was unenforceable, and was barred by the statute of limitation, and on this conclusion rendered judgment against the plaintiff that he take nothing by his suit, both in the matter of the note and the enforcement of his vendor's lien.

On appeal the Court of Civil Appeals for the Ninth District affirmed the judgment of the trial court. 193 S. W. 226. In affirming the judgment the said court, after quoting Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, held:

"Tested by the above language, the note sued on, and the conveyance upon which the note was based was of record prior to 1905,

and there was no recorded renewal or extension of the same after the act took effect. It is shown also that more than 12 months elapsed before suit was brought on the obligation after the act took effect, and that no record extension was obtained as provided in the act. We therefore are constrained to hold that the action of the lower court, the same being in obedience to the express provisions of the above statute, was correct, and that there was no error in its action in refusing to enforce or in holding that the said note was unenforceable, and was barred by the statute of limitation."

However, the affirmance of the judgment carried with it the upholding of the plea of limitation both as to the note and the lien securing same.

[1] It will be observed from the foregoing statement that the note and lien were executed on February 1, 1901, and became due December 1, 1901. Consequently it did not come under the provisions of article 5694, Revised Civil Statutes 1911, for that statute only applied to such vendors' liens as were retained to secure the purchase money in deeds conveying real estate executed after July 14, 1905. The note was dated February 1, 1901; hence it was a contractual obligation executed before 1905. At the time the above statute was enacted this note therefore on the record appears to have been barred. But in 1911 the maker of the note gave new life to it by renewing it in writing by placing the above indorsement on the note. When the 1913 Statutes, articles 5694 and 5695, Vernon's Sayles' Civil Statutes, went into effect, this note was a valid subsisting obligation; the Supreme Court having uniformly held that a barred debt was sufficient consideration for such renewal. Goldfrank, Frank & Co. v. Young, 64 Tex. 432–436; Building & Loan Association v. Goforth, 94 Tex. 264, 59 S. W. 871.

[2] The renewal of the note gave life to the lien and the debt and security were given their former status. Perkins v. Sterne, 23 Tex. 562, 563, 76 Am. Dec. 72; Howard & Hume v. Windom, 86 Tex. 567, 26 S. W. 483.

But at the time the 1913 Statutes, articles 5694 and 5695, went into effect the note here in controversy was a past-due obligation, for it had been extended only to October 1, 1912. The note therefore being a matured obligation, did it come under the terms and provisions of article 5695? That article, after providing a method of extending past-due obligations and preserving liens, further provides:

"And providing those owning the superior title to land retained in any deed of conveyance or his transferee and those subsequently acquiring such superior title by transfer, shall have twelve months after this act takes effect within which to bring suit for the land if their claim to the land is not otherwise invalid and unless such suit is brought within twelve

months after this act takes' effect, they shall be forever barred from bringing suit to recover the same."

This lien having been created prior to July .14, 1905, but being security for a subsisting past-due obligation, clearly comes within the provisions of the last paragraph of said article 5695, just above quoted. The obligation which it secured was more than 4 years past due, as shown by the conveyance in which the lien was reserved, and no extension of same was apparent of record. This being true, no extension of the lien having been placed of record as required by the statute, and no suit having been brought within the 12 months from the date of the taking effect of the 1913 statute, the lien was clearly barred.

But this bar of limitation does not apply to the note itself. The statute by its language clearly limits the effect of the failure to record the extension to the barring of the lien, the purpose of the statute being practically by limitation to clear the records of unreleased real estate liens. As to the note, the statute of limitations of 4 years relating to written instruments alone applies.

The Court of Civil Appeals in the case of Adams v. Harris, 190 S. W. 245, supra, in our opinion correctly states the rule in applying article 5695 to the lien only, and excluding the note from the period of limitation of 1 year, provided in said statute, because of the express renewal of same upon the back of said note, and we quote from the opinion of Judge Hodges in that case with approval, as follows:

"But the court also held that the renewal contract which had been made by Wallace at one time and Adams at another did not have the effect of perpetuating the personal obligation to pay the original note. In this we think there was error. In enacting the statute which has been discussed the Legislature was undertaking to deal with liens and the superior legal titles to real estate, and no attempt was made to disturb, or modify, the provisions of article 5705, which prescribes the manner of renewing personal obligations which have become barred by limitation. The renewal contracts executed by Wallace and Adams, while ineffectual for the purpose of renewing and extending the lien because not executed within the time prescribed by the statute, nor recorded as there required, were sufficient to renew and extend the original personal obligation to the extent specified. According to the findings of the court the appellant, after purchasing the land, did enter into a contract with the appellee by which he agreed to pay the balance due on the original purchase-money note. That contract is valid and enforceable personal obligation, notwithstanding the expiration of the lien by limitation."

We therefore hold that the vendor's lien reserved by plaintiff is barred by limitation, but that the note, having been expressly re-newed in writing, and suit having been brought upon same prior to the expiration of the 4-year period of limitation dating from the maturity of said renewal, is not barred by limitation.

We therefore recommend to the Supreme Court that the judgments of the Court of Civil Appeals and of the trial court in this case be reversed, and that judgment be rendered here for the amount of the balance, principal, interest, and attorney's fees due plaintiff upon the note sued on by him.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.