### OKLAHOMA FARM MORTGAGE CO. v. BELLAMY et ux. (No. 2962.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 5, 1924. Rehearing Denied Nov. 20, 1924.)

**1. Limitation of actions ☞164—Lien for purchase money of homestead revivable after debt barred by limitation.**

Where purchaser of land gave note expressing vendor's lien as security, which note was later renewed, but renewal note contained no maturity date, and, over four years afterwards, when renewal note was barred by limitations, and land had become homestead, second renewal note secured by trust deed was executed, *held*, that second renewal note revived debt, and rendered lien enforceable against homestead.

**2. Limitation of actions ☞145(5), 165—That note rendered unenforceable by limitation does not extinguish debt itself; moral obligation consideration for new promise to pay.**

Mere fact that note is not enforceable through courts because of bar of limitation does not extinguish debt itself, but it remains a moral obligation, and furnishes a valid consideration for new promise to pay.

Appeal from District Court, Rusk County; Chas. L. Brachfield, Judge.

Action by the Oklahoma Farm Mortgage Company against J. B. Bellamy and wife. From judgment for defendants, plaintiff appeals. Reversed and rendered.

R. B. Howell, of Winnsboro, and R. T. Brown, of Henderson, for appellant.

Futch & Cooper, of Henderson, for appellees.

HODGES, J. In January, 1924, the appellant sued the appellees J. B. Bellamy and wife on a note to recover the sum of $600, together with interest and attorney's fees, and to foreclose a lien on 82 acres of land. The facts pleaded, and which are conceded to be true, are substantially as follows: On August 20, 1912, Bellamy purchased the 82 acres of land from one P. L. Nolen, giving a note payable to Nolen for the sum of $1,500, due December 1, 1912. A vendor's lien was

expressed in both the note and the deed of conveyance, and the latter was properly recorded. On May 4, 1916, the indebtedness was renewed by Bellamy, and the lien extended in accordance with the requirements of the statute then in force; but for some reason no maturity date was mentioned in the renewal note. On November 29, 1920, more than four years after that renewal, Bellamy again renewed the indebtedness by giving a note for the sum of $600, payable to appellant, who was then the owner and holder of the claim. This second note was secured by a deed of trust executed by Bellamy and wife. All the requirements of the law for the extension of vendor's liens were fully complied with. As a defense to this suit appellees pleaded the bankruptcy of Bellamy, and limitation. They allege that, at the time the note sued on was executed, the land was their homestead, and that the indebtedness against it was barred by statute of limitation. In the record before us those facts are admitted to be true. It is conceded by the appellant that, at the time the note sued on was executed, the former note was more than four years overdue, and that under the present statute no suit could then have been maintained for the collection of the debt, or for foreclosure of the lien.

[1] The facts being undisputed, the trial court concluded that the second renewal of the lien, being on land used and occupied as a homestead, was invalid, and rendered a judgment against the appellant, denying a foreclosure of the lien. The record therefore presents only this question of law: Can a lien for the purchase money of homestead be revived after the debt has become barred by limitation? We are of the opinion that it can.

In Jackson v. Bradshaw et al., 24 Tex. Civ. App. 30, 57 S. W. 878, the Court of Civil Appeals at Galveston had under consideration a case somewhat similar to this upon the facts. There the original note given for the purchase money of a homestead had become barred by limitation when the renewal note was executed. The contention was that the original debt having been transferred to an assignee, the note could not be renewed so as to defeat an intervening homestead right. The court, however, held in effect that the debt being for the purchase money, it could be revived, and the lien correspondingly extended, notwithstanding the homestead claim. The Supreme Court refused a writ of error, in that case. The state of the record then presented indicates an approval of that holding. While that decision was rendered prior to the Act of 1913, Reg. Sess. Laws 1913, c. 123 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), which fixes a limitation upon the duration of liens embraced in mortgages and deeds of trust, it nevertheless announces a

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

principle of law which is applicable here. In that suit both the debt and the lien were barred and unenforceable through judicial proceedings when the note sued on was executed. It is true the superior legal title was still alive and outstanding in the original vendor; but the plaintiff in that case was only an assignee, and could not, without a conveyance of the superior legal title from the original vendor, maintain a suit for the recovery of the land. He then held no higher claim than did the appellant when this debt was renewed. If, by complying with the present statute, Bellamy could have revived a lien for purchase money on land not a homestead, we see no logical reason why he could not in the same manner revive a lien on the homestead to secure a debt for which a homestead may be mortgaged.

[2] The mere fact that a note is not enforceable through the courts because of the bar of limitation does not extinguish the debt itself. It remains a moral obligation, and furnishes a valid consideration for a new promise to pay. Hoya v. Self (Tex. Com. App.) 245 S. W. 424. The Constitution does not protect the homestead against an incumbrance for the purchase money.

In this case no intervening rights of third parties are involved, and no personal judgment is sought, because of the admitted bankruptcy of Bellamy The judgment of the trial court will therefore be reversed, and judgment foreclosing the lien on the land involved in this suit will be here rendered in favor of the appellant.