## FIRST NAT. BANK OF COLEMAN v. WATSON et al. (No. 6835.)*

(Court of Civil Appeals of Texas. March 18, 1925. Rehearing Denied April 15, 1925.)

Limitation of actions ⟨⟩143(6)—Foreclosure of deed of trust not barred, where suit was brought within two years after maturity of renewal note, though extension agreement not recorded.

Where note secured by deed of trust on land was renewed but no duly acknowledged agreement in writing extending maturity of debt was recorded, an action to foreclose lien brought within two years after maturity of renewal note, but more than four years after maturity of original note, was not barred by Rev. St. arts. 5693–5695, as amended in 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), no rights of third persons having intervened, particularly in view of section 6824, making valid as between parties unrecorded deeds of trust.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by the First National Bank of Coleman, Tex. against J. W. Watson, Sr., and others on a note and to foreclose deed of trust lien. From a decree for plaintiff which denied foreclosure, plaintiff appeals. Affirmed in part, and in part reversed and rendered.

Snodgrass, Dibrell & Snodgrass and J. B. Dibrell, Jr., all of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellees.

BLAIR, J. On January 13, 1923, appellant sued appellees, J. W. Watson, Sr., and J. W. Watson, Jr., to recover upon a note executed by them to it for $4,870, dated October 1, 1920, due July 1, 1921, which had indorsed thereon, "Renewal of note for $5,170.50, dated Apr. 12th, 1917, secured by D/T on land"; and also to foreclose the deed of trust lien on 82 acres of land in Coleman county, Tex., given by J. W. Watson, Sr., on April 12, 1917, to secure said note for $5,170.50, executed jointly by him and J. W. Watson, Jr.

Appellees pleaded that the deed of trust lien sought to be foreclosed was barred by

limitation under articles 5693, 5694, and 5695, of the Revised Statutes, as amended in 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695).

The court tried the case, a jury being waived, and judgment was rendered for appellant against appellees for the amount of the note sued upon; but the plea of limitation as to the deed of trust lien was sustained and a foreclosure thereof denied; hence this appeal by the bank.

No extension agreement in writing was duly acknowledged by the parties and recorded, extending the maturity of the indebtedness on the records. The note for $4,870 herein sued upon, dated October 1, 1920, was in renewal and extension and represents the balance due and owing on the original note and debt described in the deed of trust.

The only question on this appeal is whether or not there now exists a valid lien upon the 82 acres of land to secure the payment of the note in suit by virtue of the deed of trust dated April 12, 1917. The trial court held that since more than four years had elapsed after the maturity of the note for $5,170.50, specifically described in the deed of trust, before this suit was filed, without any acknowledged and recorded renewal or extension of the debt, the deed of trust lien is barred under articles 5693–5695 of the Revised Statutes as amended in 1913, although the suit is between the parties to the original note and deed of trust, which were renewed and extended by the note in suit. The note in suit is a written renewal and extension of the unpaid balance of the original debt secured specifically by the deed of trust in controversy, and by it the debt matured July 1, 1921. The renewal and extension note carried with it the deed of trust lien, the lien being an incident of the debt. Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72; Howard et al. v. Windom, 86 Tex. 567, 26 S. W. 483; Hoya v. Self (Tex. Com. App.) 245 S. W. 425; Ater v. Knight (Tex. Civ. App.) 218 S. W. 650. This suit was filed January 13, 1923, less than two years after the maturity of the note and lien as renewed and extended. This extension and renewal of the unpaid balance of the original debt and lien so maturing July 1, 1921, is valid and binding as between the parties thereto, and since no rights of third parties have intervened, the statutes in question requiring the written extensions of a debt secured by a deed of trust to be acknowledged and recorded to save the lien from the four-year bar of limitation are not applicable. Articles 5693 and 5694 fix four years after the maturity of the debt secured by a deed of trust lien as the limit within which it may be enforced either by sale under the power given in the trust instrument, or by sale through judicial proceedings. Article 5695 provides, among other things, the manner in which a record extension of a deed of trust lien and the debt se-

cured may be had. The particular portion of article 5695 here involved reads:

"When the date of maturity of either debt referred to in either of the foregoing articles is extended, if the contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the party or parties obligated to pay such indebtedness as extended and filed for record in the county clerk's office in the county in which the land is situated, the lien shall continue and be in force until four years after maturity of the notes as provided in such extension, the same as in the original contract and the lien shall so continue for any succeeding or additional extension so made and recorded. The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or the recorded renewal and extension of the same shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned."

Although the language used is general, and standing alone it may be susceptible of the interpretation placed upon it by the trial court, yet when construed in the light of the history of the legislation, and the evils sought to be remedied, and in view of our other acknowledgment and registration statutes relating to deeds of trust, we think it is not susceptible of the trial court's interpretation. That is, we do not think the above provisions of this statute apply as between the parties; no rights of third parties having intervened.

Chief Justice Cureton, speaking for the Supreme Court, in the case of Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, went thoroughly into the purposes, the far-reaching effects, the history leading to the enactment, and the subsequent amendment of these statutes in 1913. The holding in the Cathey-Weaver Case, which fully sets forth the purposes and the evils sought to be remedied by these three articles of the statutes, convinces us that their enactment was primarily for the benefit and protection of third parties dealing with the record title to real estate, although in many instances the private titles of individuals may by their provisions be released from a cloud cast upon them by reason of vendor's liens and deeds of trust appearing on the records, apparently unpaid, when in fact they are paid. However, we find nothing in the history of the legislation, or the evils sought to be remedied, which in any way indicates that it was the purpose of the Legislature in enacting these statutes to require contracts of renewal and extension of vendor's or deed of trust liens to be in writing duly acknowledged and recorded in order that such contracts would be valid and binding as between the parties. This conclusion is further strengthened by the fact that the statutes do not require deeds of trust to be acknowledged and recorded to make them valid and binding as between the parties. Article 6824, R. S., as enacted in

1840 and re-enacted with every codification of our statutes since that time, reads:

"All bargains, sales and other conveyances whatever, of any land, tenements and heredita-ments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other per-sonal thing; and all deeds of trust and mort-gages shall be void as to all creditors and sub-sequent purchasers for valuable consideration without notice, unless they shall be acknowl-edged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice there-of or without valuable consideration, shall nevertheless be valid and binding."

It being the law, as expressed by this stat-ute, that as between the parties a deed of trust lien is valid and binding though not acknowledged and recorded, no good purpose can be served, nor can any good reason be shown for holding that the Legislature has by the enactment of article 5695 forbidden these same parties the right to renew and ex-tend the same deed of trust lien, except by a contract of renewal duly acknowledged and recorded. To so construe these statutes would serve no useful purpose. If the rec-ords are not encumbered by an unrecorded deed of trust, or by a renewal and extension of it, then the interest of third parties deal-ing with the record title is fully protected and safeguarded by these statutes, and the primary purpose for the enactment of articles 5693–5695 is enforced, and so without unnec-essarily interfering with the right of private contract as between the parties to a deed of trust, or a renewal and extension of it. Bank v. Lane (Tex. Civ. App.) 265 S. W. 765. The view of the trial court has never been held to be the law, so far as we have been able to find in any case where this question was necessary to a decision.

In Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238, in which the specific question now before us for determination was decided, and in which a writ of error was refused, Chief Justice Pleasants, for the Galveston Court, says:

"The majority of this court cannot agree with the appellants in the contention that ar-ticle 5695 of the statute is applicable to re-newals of liens as between the parties. There is nothing in the caption of the original act, nor in its language as now embraced in the cited articles of the statute, which would re-quire the construction that it was the intention of the Legislature in the enactment of the law to declare void as between the parties any re-newal of a lien on land which is not recorded in accordance with the provisions of the act. No public benefit could be subserved by such a law. If parties can create a valid lien on land without putting it of record, no possible reason suggests itself to our minds for deny-ing them the right to extend or renew a lien in the same way. We think the obvious pur-pose and intent of the statute was to protect subsequent purchasers of the land from un-recorded renewals or extension of liens, and not to unnecessarily hinder parties in their right to make contracts."

Judge Key, though dealing with a different state of facts from this case, expressed a somewhat similar view for this court in the case of Clark v. Mussman, 203 S. W. 381, where it was held:

"True it is, the instrument evidencing the contract of such renewal and extension of time was not recorded until January 20, 1916, which was about one month before this suit was commenced, but the provision of the statute requiring such contracts of extension to be filed for record does not prescribe that such filing shall be forthwith, or at any particular time, and as the contract here involved was filed for record before the renewed obligation to pay the debt was barred by limitation, and before the suit was commenced, and as the right of no third person is involved, we hold that, as between the parties to the contract, neither the debt nor lien was barred by that or any other statute of limitations."

That the provision requiring extension agreements to be acknowledged and recorded is not necessary as between the parties is, we think, the general conclusion reached by the following authorities, though the exact point was not necessary to a decision in these cases. Home Co. v. Welder (Tex. Civ. App.) 220 S. W. 392; Templeman & Son v. Kempner (Tex. Civ. App.) 223 S. W. 293; Bean v. Machine Co. (Tex. Civ. App.) 221 S. W. 634; Holford v. Patterson, 113 Tex. 410, 257 S. W. 214. If the renewal of the debt carries with it a renewal of the lien not barred at the time of such renewal by other portions of these limitation statutes, then no good reason exists why the lien like the debt should not be enforced as between the parties. Neither the debt for which the note in suit was given in renewal and extension, nor the deed of trust lien securing the orig-inal debt, was barred at the time the said renewal and extension note was executed. The deed of trust lien thus renewed and ex-tended does not come within that class of liens which cease to exist under other por-tions of these statutes, when not renewed be-fore they are actually barred by the period of limitation there fixed, as is fully explained in the cases of Hoya v. Self (Tex. Com. App.) 245 S. W. 425; Bunn v. City of Laredo (Tex. Com. App.) 245 S. W. 426; Quick v. Ander-son (Tex. Civ. App.) 232 S. W. 536. These are the cases cited by appellees to support their contention that the lien sought to be foreclosed here is barred. They deal with an entirely different question from that involved in this appeal, since neither the debt nor the deed of trust lien declared upon in this case was barred at the time of their renewal and extension. Article 5695 does not require rec-ord at any particular time, and suit having

been filed before the renewal note and lien in suit were barred is sufficient as between the parties. Clark v. Mussman (Tex. Civ. App.) 203 S. W. 380.

The only case intimating a contrary view on this question is Adams v. Harris (Tex. Civ. App.) 190 S. W. 245. If it can be said that the court actually passed upon the question, it was not necessary to a disposition of that case. But the portion of that opinion relied upon by appellees seems to be merely a reply of the court to argument of counsel that the acknowledgment and registration features of article 5695 do not apply as between the parties. The language of the court is:

"The force of that contention is weakened, if not destroyed, when we consider the evil which the law intended to correct," etc.

However, this same Court of Civil Appeals, in the recent case of Mortgage Co. v. Bellamy, 265 S. W. 1070, seems to hold contrary to its former decision and now holds that as between the parties this statute does not apply where no intervening rights of third parties are involved. At least we draw that inference from the language used. A writ of error was granted in that case, but upon another question from that here involved.

Since we are holding that the particular portions of the limitation statutes here involved are not applicable as between the parties, appellant's assignments attacking their constitutionality become immaterial and are overruled without discussion.

From what has been said, the judgment of the trial court denying a foreclosure of the deed of trust lien will therefore be reversed, and judgment foreclosing the lien on the land involved in the suit will be here rendered in favor of the appellant. In other respects the trial court's judgment is affirmed.

Affirmed in part, and in part reversed and rendered.