## VACKAR et al. v. SUPREME LODGE OF SLAVONIC BENEV. ORDER OF THE STATE OF TEXAS.

### No. 7697.

Court of Civil Appeals of Texas. Austin.
July 27, 1932.

E. C. Overall, of Gonzales, for appellants.
Kacir & Kacir, of Temple, for appellee.

McCLENDON, C. J.

Appellee sued Josef and Petrolina Vackar (husband and wife) upon a promissory note and to foreclose a deed of trust and vendor's lien upon 150⅝ acres of land. Urban and wife were also sued as claiming some interest in the land. Appellee recovered judgment under a directed verdict against Vackar and wife upon the note and against all defendants, foreclosing the deed of trust and vendor's lien. From this judgment the defendants have appealed.

The following facts were established without controversy:

The land was conveyed November 12, 1918, by Jaresh and Burton to Josef Vackar (then the husband of Petrolina), who executed thirteen promissory vendor's lien notes in favor of grantors, in the aggregate principal sum of $4,450, due respectively from one to thirteen years after date, and bearing 7 per cent. interest. The first two of these notes, aggregating $400, were paid. May 27, 1919,

Jaresh and Burton transferred the notes and lien to Walters Bros. December 10, 1923, the Vackars conveyed a 10-acre tract out of the 150⅚ acres to Urban, who went into immediate possession thereof, made valuable improvements thereon, and has continuously thereafter occupied the tract as his homestead. On October 2, 1924, Josef Vackar applied to the appellee for a loan to take up these notes, to be represented by a note for $4,050 (remaining principal on the vendor's lien notes), bearing interest at 8 per cent. for the first year and 6 per cent. thereafter. In accordance with this application the note sued on was executed October 14, 1924, by Josef and Petrolina Vackar. To secure this note a trust deed was executed by the Vackars, which recited execution of the vendor's lien notes, their transfer together with the lien to appellee, and that the trust deed was executed in extension of the vendor's lien. The proceeds of the note were applied by appellee to acquisition of the vendor's lien notes (by indorsement) and lien (by transfer) from Walters Bros.

The defenses urged by appellants were:

1. That the land was the homestead of the Vackars; was Mrs. Vackar's separate property because purchased with her funds; and that the trust deed was not binding upon her because her privy acknowledgment was not taken as required by law.

2. That the trust deed was void, in that it described the note as providing for 8 per cent. interest the first year and 10 per cent. thereafter, and was later without authority altered to read 8 per cent. for the first year and 6 per cent. thereafter.

3. That the application for the loan and the trust deed and note were fraudulently drawn so as to include the 10 acres conveyed to Urban, whereas the agreement was that this tract should be excluded from the trust deed.

Mrs. Vackar was taken suddenly ill a day or two before the trial, on which account she was unable to be present; and two motions for continuance, one by Josef and the other by Petrolina Vackar, were made because of her absence. The testimony she would give, in so far as material to the appeal, was stated to be that the property was homestead, and purchased with her separate funds; that her acknowledgment was not taken privily and apart from her husband; and that the trust deed when signed by her described the note as bearing 8 per cent. interest the first year and 10 per cent. thereafter.

These motions were contested, and were overruled upon the ground that the stated testimony was immaterial.

Upon the trial, testimony of Josef Vackar to the effect that $800 of the purchase money for the land was the separate property of Mrs. Vackar was excluded. The action of the court in overruling the motions for continuance and in excluding this testimony was assigned as error.

We hold these assignments not well taken.

The original notes were secured by a valid vendor's lien upon the property regardless of whether the title was in Mrs. Vackar in her separate right, or in the community, and regardless of the fact that the property became the homestead of the Vackars.

Appellee acquired these notes by indorsement, and the vendor's lien by transfer, and no question could possibly be raised as to the validity of the notes and the vendor's lien securing them in the hands of appellee.

The facts supporting these conclusions are shown by the record to be indisputable.

The renewal note was executed both by Mr. and Mrs. Vackar, and no question is raised as to its validity.

A lien upon property securing a debt is incident to and follows the debt; so that a renewal or extension of the debt automatically renews or extends the lien. Slaughter v. Owens, 60 Tex. 668; Beck v. Tarrant, 61 Tex. 402; Wilcox v. Bank, 93 Tex. 323, 55 S. W. 317; First Nat. Bank v. Watson (Tex. Civ. App.) 271 S. W. 438, affirmed (Tex. Com. App.) 285 S. W. 1050; Sparks v. Summers (Tex. Civ. App.) 289 S. W. 714; Power v. Westhoff (Tex. Civ. App.) 4 S.W.(2d) 274 (error dismissed); T. A. Hill State Bank v. Schindler (Tex. Civ. App.) 33 S.W.(2d) 833 (error refused).

The trust deed did not create a new debt or a new lien, nor did it purport to do so. In so far as the debt and lien were concerned it was but an acknowledgment of their existence, renewal, and extension. As between the original parties it was not necessary to record the extension. Bank v. Watson and Bank v. Schindler, above. The suit was to foreclose "the original vendor's lien" as well as the trust deed lien. No provision of the trust deed was sought to be enforced, but only to enforce through a judicial proceeding the foreclosure of the lien, which though acknowledged in, existed independently of, the trust deed. This right inhered in the owner of the note independently of the trust deed.

It is therefore clearly immaterial whether the trust deed was executed in accordance with the formalities requisite to convey or create a lien upon Mrs. Vackar's property.

The claimed alteration in the trust deed was immaterial, for two reasons: (1)

Because the trust deed itself was not essential to appellee's right to have the property subjected to the payment of the debt; and (2) because the alleged alteration is in respect to a wholly immaterial recitation in the trust deed. The note provided for 8 per cent. interest the first year and 6 per cent. thereafter. This under undisputed proof was in accordance with the agreement of the parties, the application for the loan, and the provisions of the note. The latter was the repository of its own terms, and references thereto in the trust deed were merely descriptive. The note would control as regards any variance between it and the trust deed. No issue of identity was involved. The note sued upon was without question that referred to in the trust deed, and the variance, if in fact it existed, was but a misdescription—a clerical error—the correction of which could not constitute a material alteration. The legal effect of the trust deed was the same in every detail before the alteration as it was thereafter. See 2 Tex. Jur. pp. 701, 706, §§ 10, 14.

The remaining question relates to the above issue of fraud and affects only the 10-acre tract conveyed to the Urbans. The latter have appealed and assign as error the directed verdict in so far as it affects them.

The pleadings and evidence would support the following findings:

When Josef Vackar made application for the loan, he notified appellee's agent that he had conveyed the 10-acre tract to the Urbans. It was understood that this tract would be excluded from the trust deed, and that the renewal note would be secured only by the 140⅝ acres. The Vackars were Bohemians and could read and understand English only imperfectly. The application, note, and trust deed were prepared by appellee or its agent. The application as read to Josef Vackar by appellee's agent only called for 140⅝ acres, and he relied upon the representations of the agent that the application, note, and trust deed were drawn in accordance with the agreement as testified to by him.

This pleading and evidence we think sufficient to establish the plea of fraud which would vitiate the lien to the extent of the 10-acre tract.

That portion of the trial court's judgment decreeing and foreclosing a lien upon the 10-acre tract is reversed, and the cause in that regard is remanded to the trial court for a new trial. In all other respects the trial court's judgment is affirmed.

Reversed and remanded in part, and in part affirmed.